LOWE, Appellant, vs. CHEESE MAKERS MUTUAL CASUALTY COMPANY, Respondent.

*November 5—December 1, 1953.*

For the appellant there was a brief and oral argument by *Frank L. Morrow* of Eau Claire.

For the respondent there was a brief by *Lehner, Lehner & Behling* and *Adolph P. Lehner,* all of Oconto Falls, and oral argument by *Howard N. Lehner.*

BROADFOOT, J.    The briefs that were filed with the trial court were not made a part of the record, but from the briefs and arguments in this court it is evident that the defendant, in its trial brief, raised the question of a policy defense. Under the exclusions in the policy there is a provision that the policy does not apply "while the automobile is subject to any . . . mortgage or other incumbrance not specifically declared and described in this policy."

The plaintiff contends that this policy defense was an affirmative defense that must be pleaded separately. The trial court held that par. 4, which is quoted above, was sufficient to raise the issue of a policy defense, and if not, he ordered the pleadings amended to conform to the proof.

A denial that plaintiff's automobile was protected by any policy of insurance issued by the defendant at the time of the fire is a conclusion, and did not sufficiently inform the plaintiff of the issue so that he offered any proof thereon. The defendant offered no proof as to cancellation or fraud, which were set up as defenses. A pretrial conference was

held by the trial court and at that time the defendant only insisted that the Eau Claire Citizens Loan Company be made a party to the action. Prior to the trial a written assignment of its interest to the plaintiff was filed with the trial court. The defendant offered no amendment to its pleadings during or after the trial.

The plaintiff does not dispute the validity of the exclusion clause in the policy. During the trial the manager of the Linton Insurance Agency testified that he was not an agent for the defendant company. The court referred to this in its memorandum decision and was undoubtedly influenced by that statement. The matter was not explored further. It did not appear to be material at the time, but upon a new trial, the plaintiff now contends he can prove that the Linton Insurance Agency was an agent for the defendant under the provisions of sec. 209.05, Stats., as the same was applied in the case of *Pouwels v. Cheese Makers Mut. Casualty Co.* 255 Wis. 101, 37 N. W. (2d) 869. The plaintiff further contends that he will be able to prove that the Linton Insurance Agency, as defendant's agent, had knowledge of all of said chattel mortgages and notified the defendant thereof. He infers that these facts, when proven, will entitle him to a reformation of the policy.

It is apparent that the real controversy has not been fully tried and a new trial is granted to the plaintiff as provided by sec. 251.09, Stats. Prior to the new trial the defendant may amend its answer to set up any defense it feels that it has. The plaintiff should then be permitted to amend his complaint and to ask for other and further relief if he so desires, so that the real controversy may be tried.

*By the Court.*—Judgment reversed and cause remanded for a new trial.