BOSTONIAN HOMES, INC., Respondent, V. STRUCK and wife, Appellants.

*No. 165. Argued October 3, 1969.—Decided October 31, 1969.*
(Also reported in 171 N. W. 2d 320.)

554

For the appellants there was a brief by *McCormick & Tessmer* of Milwaukee, and oral argument by *Henry A. Tessmer*.

For the respondent there was a brief by *Usow, Teper & Weiss,* and oral argument by *Richard A. Victor,* all of Milwaukee.

A brief *amicus curiae* was filed by *Hersh, Magidson & Lensky* of Milwaukee, for the Metropolitan Builders Association of Greater Milwaukee.

BEILFUSS, J. The issue as we view the record is whether this action should be returned to the trial court under sec. 251.09, Stats., upon the ground that it does not appear that the real controversy has been tried.

The construction contract provided that the plaintiff corporation would build a three-bedroom home in the city of Cudahy at the request of the defendants pursuant to plans and specifications provided by them. The contract price was $21,161.90.

A structure was built complying generally with the plans furnished. Contract payments were made in the amount of $19,264. The contractor, Bostonian Homes, Inc., sued for the balance.

As an affirmative defense and counterclaim defendants alleged that the house did not conform to the plans provided, was not constructed in a good and workmanlike manner, that inferior materials were substituted, and the contract was not completed in the allotted time. Fifty-four itemized complaints were attached to the counterclaim.

One problem in this case is the absence in the record of the alleged arbitration agreement. There is no manner in which this court can determine if, in fact, an agreement was entered into and, if so, what the nature of that agreement was.

The only indication in the record prior to the report of the association that the case was being submitted to some form of arbitration is the following carbon copy of a letter from Judge PRUSS to an official of the builders' association:

"My dear Mr. Buntrock:

"There is pending in the county court, case No. C–22–361, involving a building of a new home. The plaintiff, Bostonian Homes, Inc., is suing Robert Struck and his wife, Sophia Struck, for the sum of $2,902.75 as balance due on a contract. The defendants counterclaimed, and his bill of particulars is attached to his answer and counterclaim. The counterclaim involves workmanship, errors and omissions. The attorneys inform me that your association has an ethics and arbitration committee which could supply a panel of two or three men to arbitrate this type of a controversy.

"It would greatly facilitate this case and help the court and the attorneys if an impartial panel of 1, 2 or 3 men could arbitrate this controversy. The parties bound themselves to abide by his findings.

"In the event such an arbitration panel could be chosen by your committee, the attorneys would furnish you with a contract and the plans and specifications. I personally would appreciate it if you would help me in selecting this committee. It is stipulated by both parties that no money be deposited at this time, because upon the findings of the arbitrators, judgment would be entered in the case."

The next matter appearing of record is the report of the association in the form of a letter dated November 1, 1968, to the president of the plaintiff corporation, copies of which were sent to the defendants, each attorney, and the trial judge. This letter was signed by the executive assistant to the Ethics and Arbitration Committee of the

association. Essentially, the committee found in favor of the builder, awarding it $1,767.15 as a balance due.

The apparent attempt at arbitration failed in several regards to comply with the statutory scheme of ch. 298, Stats., which governs agreements to arbitrate such disputes as this. Since the original contract did not provide for mandatory arbitration, sec. 298.03 applies to the instant case and requires the agreement to arbitrate to be in writing. No written agreement appears in the record.

In addition, sec. 298.04, Stats., states that in the absence in the agreement of enumerated arbitrators, the arbitration shall be by a single arbitrator. It seems that the present dispute was heard by a committee of builders ranging in membership from 20 to 30 men, no certain number of which attended what is alluded to as the hearing in this matter, while sec. 298.06 requires all arbitrators to sit at the hearing of the case unless agreed otherwise in writing.

Sec. 298.08, Stats., requires the written award to be signed by the arbitrators or by a majority of them. The record does not show whether the executive assistant to the association committee, as signatory, was even a member of the committee. Yet, it is obvious that a majority of the members of the committee did not sign the letter purporting to be a report.

Following the filing of a report, secs. 298.09 and 298.12, Stats., contemplate that an order will be entered confirming the report before judgment is entered. No such order was applied for or entered here.

Based upon the report of the association the trial judge signed findings of fact and conclusions of law and granted plaintiff's motion for judgment. Judgment was entered in favor of the plaintiff on January 6, 1969.

The findings of fact are not only internally inconsistent and entered with no view to the purported arbitration report, but also irreconcilable with the conclusions of law. The findings and conclusions provide:

## "Findings of Fact

"1. That the plaintiff is a corporation engaged in the business of building homes, with offices at 2719 S. 60th Street, in the city and county of Milwaukee, state of Wisconsin.

"2. That the defendants' occupations are unknown and reside at 3930 E. Ramsey Avenue, in the city of Cudahy, county of Milwaukee, state of Wisconsin.

"3. That the plaintiff herein at the special instance and request of the defendants rendered services in the year of 1965 upon which there is due and owing a balance of $2902.75, together with interest in the sum of $217.00.

"4. That although due demand has been made, no part of said sum has been paid and said sum is now past due and owing.

"5. That on the 15th day of July, 1965, the plaintiff and defendants entered into an agreement in writing under and by the terms of which the plaintiff in consideration of the promises of the defendants, undertook and agreed to build, in a good and workmanlike manner, a dwelling designated 6–65–251 of plans and specifications of Ray Prell & Assoc., Inc., and to have the same completed and ready for occupancy one hundred twenty days after date of commencement.

"6. That the defendants agreed to pay the plaintiff for said building $21,161.90. That at different stages of construction, the defendants have made payments to the plaintiff totaling $19,264.00 with the balance to be paid when the building should be completed and accepted.

"7. That the plaintiff has breached said contract, in that it has never completed said contract and it has failed to build a dwelling according to the plans and specifications as drawn by Ray Prell & Assoc. That attached hereto and made a part hereof and designated Exhibit A is a Bill of Particulars, as to the specific breaches of said contract.

"8. That the plaintiff has failed to perform its work in a good and workmanlike manner and has made numerous unauthorized substitutions and omissions, all contrary to the terms of said contract. That because of said breach, the defendants are informed and believe that they will be put to great expense to complete said dwelling accord-

ing to the specifications and plans and to correct plaintiff's error and omissions.

"9. That because of the failure of the plaintiff to complete said home within the time limit as provided in said contract, defendants were evacuated from their apartment, forced to place their furniture in storage and were put to great expense moving and traveling to and from their temporary quarters.

"10. That by reason of said breaches the defendants have sustained damage in the sum of $6,982.00.

### *"Conclusions of Law*

"That the plaintiff is entitled to judgment against the defendants, ROBERT STRUCK and SOPHIA STRUCK, in the sum of $1767.15, as determined by the Metropolitan Builders Association of Greater Milwaukee, the Arbitrator, as more fully set forth in Exhibit B attached hereto and made a part hereof setting forth the decision of arbitration; that defendants' Counterclaim be dismissed, plus costs and disbursements.

"Let judgment be entered accordingly."

It is our opinion that the inconsistencies of the above findings and conclusions would alone support a reversal to accomplish the ends of justice under sec. 251.09, Stats., because of the probability that justice has miscarried in this case.

In addition to the problems raised by the trial court's findings and conclusions, our review of the entire record in this case compels a determination that the real controversy between these parties has not been tried. In *Erickson v. Westfield Milling & Electric Light Co.* (1953), 263 Wis. 580, 58 N. W. 2d 437, this court indicated that if the record evoked a strong belief of misunderstandings and issues that had apparently not been tried it would reverse for a new trial under sec. 251.09, Stats.[1]

[1] *See also Lowe v. Cheese Makers Mut. Casualty Co.* (1953), 265 Wis. 365, 61 N. W. 2d 317.

We are convinced the inadequacies of the instant record reveal that the real controversy has not been fully tried and a new trial is granted to the defendants-appellants pursuant to sec. 251.09, Stats. It is apparent that defendants' claims against the contractor have not yet had a fair hearing either by the trial court or in the attempted arbitration.

Upon remand the parties may, if they so desire, enter into a binding arbitration agreement that complies with ch. 298, Stats., or the entire controversy may be tried to the court or jury from the point of joinder of issue.

*By the Court.*—Judgment reversed, and cause remanded for new trial.