AMPEX CORPORATION, Plaintiff-Appellant, v. SOUND IN-
STITUTE, INC., Defendant: BERNICE A. KOKAL,
formerly known as Bernice A. Weber, Defendant-
Respondent.*

*No. 118. Argued October 28, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 170.)

* Motion for rehearing denied, without costs, on February 3,
1970.

676

677

678

680

For the appellant there was a brief by *Kohner, Mann & Kailas*, attorneys, and *Robert L. Mann* of counsel, all of Milwaukee, and oral argument by *Robert L. Mann*.

For the respondent there was a brief by *Frisch, Dudek, Slattery & Denny*, attorneys, and *Edward A. Dudek, Robert D. Scott*, and *C. Michael Hausman* of counsel, all of Milwaukee, and oral argument by *Mr. Scott*.

BEILFUSS, J.  Three issues are presented:

1. Does the plaintiff-appellant's failure to move for a new trial, independent of the motion submitted by the defendant, Sound Institute, Inc., deprive it of an appellate review of alleged trial errors as a matter of right?

2. Is the complaint sufficient to raise an issue as to whether the plaintiff was a third-party beneficiary of the agreements of defendants Sound Institute, Inc., and Mrs. Kokal?

3. Is the complaint sufficient to raise the issue of principal and agent between the defendants Mrs. Kokal and Sound Institute, Inc.?

Counsel for the plaintiff-appellant stated at oral argument that a motion for new trial was not made by the plaintiff. The transcript further shows that the plaintiff did not desire a hearing on motions after verdict. The decision of the trial judge on motions after verdict, on the other hand, indicates that counsel for the plaintiff, Mr. Mann, joined in the motion of defendant Sound Institute, Inc., for a new trial. The trial court fully considered the issues relating to the directed verdict in favor of Kokal as well as the scope of the complaint as construed during the trial. The court upheld its previous

determination that the complaint did not raise an issue as to either third-party beneficiary or agency. In addition, it considered and affirmed its decision not to admit the agreement of September 30, 1967, into evidence.

This court has consistently refused to grant review as a matter of right in jury cases to issues not presented to the trial court by way of a motion for a new trial. *Wells v. Dairyland Mut. Ins. Co.* (1957), 274 Wis. 505, 80 N. W. 2d 380. The policy of this rule as expressed in *Wells* is to provide the trial court with an opportunity, upon reflection, to correct its mistakes and to avoid the necessity of an appeal by the ordering of a new trial.

In *Peppas v. Milwaukee* (1966), 29 Wis. 2d 609, 139 N. W. 2d 579, 141 N. W. 2d 228, one of the two appellants failed to include a request for a new trial in its post-verdict motions. Both appellants had raised the same questions of law, but only one asked for a new trial. Though no direct holding was required on the issue of preservation of right to review, the court stated at page 613:

"The purpose of the rule of *Wells* is to provide an opportunity to the trial court to correct errors before any party has a right to raise the same errors on appeal. This purpose is fully satisfied in the instant case since both appellants raise the same legal questions on appeal that were raised in the trial court by their motions after verdict."

The purposes of *Wells* have been fulfilled by the trial court's examination of the case upon Sound Institute, Inc.'s motion for new trial joined in by plaintiff, Ampex Corporation. All the issues now presented on appeal by Ampex were reviewed by the trial court with an opportunity to reverse itself. Plaintiff-appellant is therefore entitled to review on this appeal.

All the parties agreed that the complaint stated alternative causes of action in at least one regard. There is no dispute to the claim the complaint alleges liability on the part of one or the other defendant for goods furnished

and delivered to the defendants. In his written decisions on both the objection to the admission of plaintiff's Exhibit 24 and on motions after verdict the trial judge construed the complaint as alleging only a simple contract, *i.e.*, that one or both of these defendants ordered and took delivery of these goods.

The appellant argues that the incorporation by reference of the agreement of September 30, 1967, and the offer to purchase dated October 6, 1966, provide a factual basis for a claim as a third beneficiary of contracts between the defendants. In *Winnebago Homes, Inc. v. Sheldon* (1966), 29 Wis. 2d 692, 699, 139 N. W. 2d 606, this court reaffirmed the position that a third person can only recover on a contract between two other persons if the claimant can show that the agreement was intentionally entered into " 'directly and primarily for his benefit.' " An indirect benefit, merely incidental to the contract between the parties, will not give rise to a third-party beneficiary claim.

The necessity of a concise allegation supporting the third-party beneficiary theory is noted in *Peters v. Peters Auto Sales, Inc.* (1967), 37 Wis. 2d 346, 155 N. W. 2d 85. The plaintiff in that case failed to set forth the agreement and consideration upon which she claimed a third-party benefit. The court refers to 2 Williston, *Contracts* (3d ed.), sec. 347, where it is stated at pages 796, 797:

"Before any question as to the rights of third party beneficiaries can arise, it must be established that the agreement between the parties contains all the elements of an enforceable contract. 'Where a contract for the benefit of a third party exists, such a party is subject to the ordinary rules governing a party to a contract.'

"Thus, consideration is, of course, essential; there must be the intent to contract; and the agreement must in all respects conform to the principles governing the formation of a contract."

Even if it could be determined that the complaint does allege all the requisites of a contract there is still no

showing of express intent to benefit Ampex Corporation. Rather, the only expressed intention in the agreement of September 30, 1967 is that "[t]his is to further clarify any dispute as to who is the owner of the business which has been operated . . . as Allan's Center and Sound Institute Inc." In the absence of any fact allegation that the agreement was entered into primarily and directly for the benefit of Ampex Corporation, the complaint does not state a cause of action as a third-party beneficiary claim and the plaintiff cannot claim a right to judgment upon a third-party beneficiary theory.

Plaintiff-appellant asserts that it was not necessary to make any allegation of agency in its complaint. Clearly no such allegation was made in this case; the trial judge consistently pointed out during the trial all that was alleged was that one of the defendants ordered and accepted goods from the plaintiff. Appellant's argument is in accord with the general rule as set forth in 3 C. J. S., *Agency*, p. 244, sec. 312:

"(1) In General
"In pleading an act done or contract executed by an agent of defendant, plaintiff may omit reference to the agency and allege the act or contract to be that of the defendant or he may aver the agency and the authority of the agent."

Further support for the appellant's position is found in an annotation entitled *Manner of Pleading Agency*, 45 A. L. R. 2d 597, where it is stated:

"It is clear that under the general rule upholding a pleading stating that the principal himself performed the act sued upon, the agent, since he is not even mentioned, need not be named or otherwise identified. Similarly, . . . the courts have attached no importance to the question whether or not the agent was named or otherwise identified."

A statement of the policy underlying this rule is found in 3 Am. Jur. 2d, *Agency*, pp. 699, 670, sec. 343:

"A question which frequently arises concerns the necessity of alleging the fact of agency in declaring upon a contract made by a party through an agent. Generally it is held, in the absence of express statutory provision, that in actions on contracts, either by or against the principal, there is no necessity of alleging that the contract was executed through an agent; in other words, the contract may be pleaded as if it were the contract of the principal, without mentioning the agency. The theory of this rule of pleading is that the act of the agent is the act of the principal, and hence, may be declared upon as such. An additional reason advanced in support of the general rule is that it would savor strongly of pleading evidence, or at least redundancy, for the pleader to state that the business under consideration was done by an agent, or that, having been transacted without the defendant's sanction, it was afterward ratified by him. Even though the contract is executed by the agent in his own name, without the name of the principal appearing thereon or being disclosed to the other contracting party, there is authority to the effect that it need not be alleged in a complaint by the principal that the contract was made through the agent."

In line with the majority rule, Wisconsin has held that agency may be proved in a case without pleading more than the acts of the agent upon which liability is predicated. *Lessard v. Northern Pacific R. R.* (1892), 81 Wis. 189, 51 N. W. 321.

We are of the opinion that the allegation in the present complaint charging Mrs. Kokal with having ordered the goods suffices, under the general rule espoused above, to allow it to put in proof of agency without exceeding the scope of the pleadings. The allegations of the complaint being sufficient to prove agency, it follows that it was error to exclude the proof offered by the plaintiff upon the grounds that it was immaterial assuming, of course, the evidence was otherwise admissible. We believe that if the documentary evidence of the September 30, 1967, conference and the offer to sell had been received in evidence there would have been some credible evidence

upon which a jury could reasonably find the defendant Kokal liable. Under these circumstances the directed verdict was inappropriate and the case must go to a jury. *Zillmer v. Miglautsch* (1967), 35 Wis. 2d 691, 151 N. W. 2d 741.

Whether the plaintiff or Sound Institute, Inc., can eventually prove an agency relationship is conjecture at this point.

It is, however, apparent to us that the real controversy, namely, the business status existing between the defendant, Mrs. Kokal, and the defendant, Sound Institute, Inc., has not been fully tried.

In addition to a reversal for prejudicial error, we deem this is a proper case to invoke sec. 251.09, Stats., and order a reversal and new trial with the right of the parties to amend their pleadings so as to reflect the real controversy (excepting the issue of a third-party beneficiary). *Lowe v. Cheese Makers Mut. Casualty Co.* (1953), 265 Wis. 365, 61 N. W. 2d 317.

*By the Court.*—Judgment reversed, and remanded for a new trial.