SCHMIDT and another, Appellants, v. MUELLER, Respondent.

*No. 222.   Argued November 29, 1971.—Decided January 4, 1972.*
(Also reported in 193 N. W. 2d 161.)

312

[1] Also referred to as A. A. Schmidt and Aaron Schmidt.

314

316

For the appellants there was a brief by *Potter, Wefel & Nettesheim* of Wisconsin Rapids, and oral argument by *John M. Potter*.

For the respondent there was a brief by *Schmidt & Thibodeau* of Wisconsin Rapids, and oral argument by *Leon S. Schmidt*.

BEILFUSS, J. The plaintiffs-appellants contend that there is no credible evidence to sustain the jury's finding of a misrepresentation of fact and that the counterclaim should be dismissed upon that ground. They

further contend that the court erred in entering judgment based upon a damage award to the defendant in excess of the *ad damnum* clause of the counterclaim and contrary to the evidence as to the amount of prepaid subscriptions.

The defendant-respondent's response is that there is credible evidence to support the verdict and that the plaintiffs-appellants, by not objecting, waived any failures as to amendment of the pleadings to conform to the proof and as to the form of the verdict.

Clearly, the amended counterclaim of the defendant alleges a breach of warranty and specifically refers to paragraph 8C of the contract, *supra.* The allegation, further, is that there were undisclosed liabilities in the form of prepaid subscriptions and that the loss to the defendant was $5,000.

The case was not tried upon the theory of breach of warranty as provided under the chapter on sales of the Uniform Commercial Code,[2] which is a contract right, but rather on intentional misrepresentation which is a tort.

While the failure to object to the form of the verdict and the evidence in support thereof may legally justify the case being pleaded on one theory and tried on another, we still have the contention of the plaintiff that there is no credible evidence to support the verdict which the jury did return.

The rule often stated is if there is any credible evidence which yields a reasonable inference that supports the jury's finding, the court will not overturn the jury's findings even though another reasonable inference could have been drawn from the facts in the record. *Repinski v. Clintonville Federal Savings & Loan Asso.* (1970), 49 Wis. 2d 53, 181 N. W. 2d 351; *Jost v. Dairyland Power Cooperative* (1969), 45 Wis. 2d 164, 172 N. W. 2d 647; *Auster v. Zaspel* (1955), 270 Wis. 368, 71 N. W. 2d 417.

---

[2] *See* ch. 401, Wis. Stats.

The jury found, in substance, that the plaintiffs intentionally or recklessly, with intent to deceive, did misrepresent to the defendant that there were no liabilities in the form of prepaid subscriptions.

Although the court has laboriously read the entire record, we will not herein review the evidence to determine whether there is that minute quantity and quality of evidence necessary to sustain the verdict. This is for the reason that upon our review of the whole record we are of the opinion that a new trial in the interest of justice must be awarded to plaintiffs as more fully hereinafter set forth.

It suffices here to. state that we have grave doubts that the proof is sufficient to permit a finding of a fraudulent misrepresentation. We come to this conclusion because the business, by its very nature, was dependent upon prepaid subscriptions. Not only is that apparent, the defendant's testimony at the trial reveals she knew there were prepaid subscriptions. She testified, in part, as follows:

"*Q.* You also knew that certain people had subscribed prior to that time, didn't you?

"*A.* Yes, I had to assume that someone had subscribed or else it wouldn't be in business.

"*Q.* Right, and you knew that those people would have. to have their contracts honored and receive the subscriptions, didn't you?

"*A.* I knew that they would have to be honored, but I didn't know how many or what amount or what it would cost me to do it.

"*Q.* But you knew it was your obligation, didn't you?

"*A.* I knew I had to fulfill the subscriptions.

"   .  .  .

"*Q.* Now I am going to show you what's been marked Exhibit 13 for identification purposes and ask you if you know what that is supposed to be or where it came from.

"*A.* This is a listing of the prepaid subscriptions that I had to fulfill when I bought the business. I got these off the cards by going through them hour after hour, very, very long time, length of time; and I have the handwork

that went into that also, but this is just a summary; and it shows that there were $5,027.23 worth of subscriptions that had been previously paid for which I received no reimbursement but had to offer the service and get the reports out."

The defendant's counterclaim alleged and claimed damages of $5,000. The jury returned a verdict of $8,500.

We believe that the law permits the amount a jury awards to exceed the demand of the *ad damnum* clause in proper cases.

In *Zelof v. Capital City Transfer, Inc.* (1966), 29 Wis. 2d 384, 391, 139 N. W. 2d 1, this court stated:

". . . In addition when a verdict is supported by the evidence and is in excess of the *ad damnum* clause, there exists a variance between the pleading and the proof. Such a variance under sec. 263.28, Stats., is not deemed material unless it misleads the adverse party to its prejudice, and it must be proved to the satisfaction of the court that a party has been so misled and in what respect he has been misled. But even when a party is misled the court is not foreclosed from allowing an amendment but may order the pleading amended upon such terms as may be just. We see no reason why the statutes quoted should not apply full force to the *ad damnum* clause in a complaint as they do to other aspects of pleadings."

In this case the only finding of the jury as to misrepresentation dealt with prepaid subscriptions and the undisputed proof was that the entire prepaid subscription obligation at the time of the purchase was $5,027.23. There is not sufficient evidence in the record to justify any additional damage award because of prepaid subscriptions. Other damage evidence as to financial losses suffered by the defendant can hardly be attributed to prepaid subscriptions.

Sec. 251.09, Stats., the discretionary reversal statute, provides:

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that

court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with the statutes governing legal procedure, as shall be deemed necessary to accomplish the ends of justice."

We have concluded that this is a proper case to invoke the discretionary reversal statute because of our opinion that the real controversy has not been fully tried and that justice has probably miscarried.[3] This is not to say that we conclude that the defendant is not entitled to some recovery upon a new trial. The judgment should be reversed and set aside and a new trial ordered with the right of the parties to amend their pleading to reflect the real controversy, if they so desire, upon such terms as the trial court shall determine.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with the opinion.

---

[3] *Ampex Corp. v. Sound Institute, Inc.* (1969), 44 Wis. 2d 674, 686, 172 N. W. 2d 170; *Lowe v. Cheese Makers Mut. Casualty Co.* (1953), 265 Wis. 365, 61 N. W. 2d 317.