MERCO DISTRIBUTING CORP., a Wisconsin corporation, Respondent, v. O & R ENGINES, INC., Appellant.

*No. 745 (1974). Submitted on briefs January 7, 1976.—*
*Decided March 2, 1976.*
(Also reported in 239 N. W. 2d 97.)

For the appellant the cause was submitted on the briefs of *James Samuelsen* and *Moertl & Wilkins* of Milwaukee.

For the respondent the cause was submitted on the brief of *Barnett W. Franks,* attorney, and *John J. Romann,* of counsel, both of Milwaukee.

ROBERT W. HANSEN, J. As background or frame of reference for all issues considered, it is to be noted that in this case the hearing or trial as to jurisdiction consisted entirely of statements made by attorneys for the plaintiff and defendant. No affidavits or depositions were filed by either side prior to the hearing or trial as to jurisdiction. In the colloquy between counsel, the defendant's counsel interrupted plaintiff's counsel to state: "I object. We have no testimony here." The trial court responded: "Sustained, absolutely none. Counsel for the defendant is absolutely correct." We agree that correct he was.

In its initial brief on this appeal, contending that there are no facts in this record upon which a finding of personal jurisdiction can be based, the appellant stresses this fact that no testimony was taken and no evidence by way of affidavit or deposition was offered at the jurisdictional trial. Based on this absence, defendant contends that the only information as to jurisdiction is that set forth in the pleadings. That is correct. In its findings of fact and conclusions of law, the trial court here relied solely on the pleadings to support its holding that it had jurisdiction, setting forth the first three paragraphs of plaintiff's complaint which read as follows:

"1. That the plaintiff is a corporation duly organized and existing by virtue of the statutes and laws of the state of Wisconsin, maintaining its principal offices at 5500 West Douglas Avenue, in the city and county of Milwaukee, state of Wisconsin, and is engaged in the business of being a wholesale distributor of household appliances.

"2. That the defendant is, upon information and belief, a California corporation with its principal offices at 3340 Emery Street, in the city and county of Los Angeles, state of California, and upon further information and belief, is engaged in the business of manufacturing small gasoline engine tools and appliances.

"3. That early in 1972, the defendant sold to the plaintiff, in the ordinary course of business, a quantity of small snow blowers and chain saws, all with the express warranty that all items were merchantable in accordance with the use of that term in the U. C. C."

The pleadings here are not a sufficient basis for a finding of jurisdiction under the "long-arm statute." Our court has held that a trial court in this state ". . . cannot base a determination of lack of personal jurisdiction over a defendant upon a mere failure of the complaint to allege facts necessary to establish personal jurisdiction."[1] This is so because ". . . there is no requirement that a complaint must state the facts necessary to give the court personal jurisdiction over the defendant if service of the summons is made upon defendant otherwise than by personal service within the state."[2] Allegations in a complaint may be used or considered as evidence tending to establish jurisdiction but solely ". . . for the limited purpose of determining the type of action."[3] Admissions made in the answer or in objections to personal jurisdiction may be considered also since they ". . . are part of the record for purposes of the jurisdictional trial."[4] So the trial court here was entitled to consider both plaintiff's complaint and defendant's answer as support for its conclusion that it did have jurisdiction over the action. The difficulty is that neither or both are here sufficient to support a finding of jurisdiction. Nothing is added by the arguments of opposing counsel. Arguments or statements

[1] *Pavalon v. Thomas Holmes Corp.* (1964), 25 Wis. 2d 540, 545, 131 N. W. 2d 331.

[2] *Id.* at page 544.

[3] *State v. Advance Marketing Consultants, Inc.* (1975), 66 Wis. 2d 706, 713, 225 N. W. 2d 887.

[4] *Id.* at page 714.

made by counsel during argument are not to be considered or given weight as evidence.[5]

The appellant corporation correctly contends that the complaint, and defendant's answer thereto, here do not establish the facts necessary to give the trial court jurisdiction under the "long-arm statute"—sec. 262.05, Stats. Specifically, the defendant points out that there is no testimony or proof in this record of the action coming within the statutory requirement that the goods in question were ". . . actually received by the plaintiff in this state from the defendant without regard to where delivery to carrier occurred."[6] We agree with the defendant that the pleadings in the complaint, together with the answer, do not sufficiently bring this case within the provisions of the "long-arm statute." In fact, the plaintiff-respondent agrees as well. In its brief, the respondent corporation argues that the jurisdictional trial was handled by the trial court ". . . in the manner of motion practice; upon oral argument rather than as a trial upon the issues." Respondent asks that the trial court order as to jurisdiction "be set aside," and the action remanded "for a trial upon the jurisdictional issues." So both appellant and respondent agree that the trial court erred, but each would attach a different consequence to the error.

So the issue on appeal becomes not whether the trial court order should be set aside but whether the case should be remanded for a jurisdictional trial or whether it should be dismissed for a want of jurisdiction on the record or lack of record made. The general rule in this state is that the burden in a jurisdictional trial or hearing is on the plaintiff to establish that, under the "long-arm statute," the Wisconsin courts have juris-

---

[5] *See: Mullen v. Reinig* (1888), 72 Wis. 388, 392, 393, 39 N. W. 861. *See also:* Wis J I—Civil, Part I, 110.

[6] Sec. 262.05 (5) (e), Stats.

diction over the defendant.[7] The question before the court at a jurisdictional trial was here not solely a question of law. It involved factual determinations to be made. With the record devoid of any basis on which such factual determinations required by the "long-arm statute" could be made, the burden of proof upon the plaintiff was not met. Therefore, appellant contends that not only should the trial court's order be set aside but also the trial court should be directed to enter an order for judgment dismissing this action for want of jurisdiction over the person of the appellant.

Respondent agrees that the trial court order should be set aside but argues that the action ought be returned for a trial on the jurisdictional issue. Respondent cites a recent case as holding that erroneous procedure can prevent a trial of the real issues in a case.[8] Assuredly, it can. In that case, the *Afram Case,* testimony was taken, but the court made no findings of fact.[9] Here, respondent argues, the court made findings but "without testimony." It is clear that, under the statute[10] and under the cases,[11] this court can reverse a case on appeal for the reason that the real controversy was not fully tried. We agree that such is the appropriate and indicated dis-

[7] *State v. Advance Marketing Consultants, Inc., supra,* footnote 3, at page 712. *See also: Hasley v. Black, Sivalls & Bryson, Inc.* (1976), 70 Wis. 2d 562, 577, 235 N. W. 2d 446.

[8] *See: Afram v. Balfour, Maclaine, Inc.* (1974), 63 Wis. 2d 702, 707, 218 N. W. 2d 288.

[9] *Id.* at page 707.

[10] Sec. 251.09, Stats., providing: "In any action or proceeding brought in the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried . . . the supreme court may in its discretion reverse the judgment or order appealed from . . ."

[11] *See: Wisconsin Builders, Inc. v. General Ins. Co. of America* (1974), 65 Wis. 2d 91, 221 N. W. 2d 832; *Schmidt v. Mueller* (1972), 53 Wis. 2d 311, 193 N. W. 2d 161; *Ampex Corp. v. Sound Institute, Inc.* (1969), 44 Wis. 2d 674, 172 N. W. 2d 170.

position here, not only because the real controversy was not fully tried, but because the trial court, as well as counsel for plaintiff, appear here to have accomplished that result by mistakenly treating the determination of jurisdiction as a matter that could be treated and resolved on motion, with arguments by counsel substituting for testimony on the record. That was error, and an error here resulting in the issue as to jurisdiction not being tried at all. In its reply brief, appellant contends that remand for retrial would here give the respondent "more than one kick at the cat."[12] We do not see this respondent as having had the first kick, and see the lack of opportunity as not caused by the respondent alone.

*By the Court.*—Order reversed and set aside, pursuant to sec. 251.09, Stats., and cause remanded for a trial as to jurisdictional issues, pursuant to sec. 262.16 (3). Costs awarded to appellant for this appeal.

[12] Citing *Conway v. Division of Conservation, Dept. of Natural Resources* (1971), 50 Wis. 2d 152, 161, 183 N. W. 2d 77, this court stating: " 'No one is entitled to more than one kick at the cat.' " (Quoting *Res Adjudicata and Estoppel by Judgment,* by Hon. Lewis J. Charles, Wisconsin Bar Bulletin (June, 1959), at page 25.)