WAGNER, Appellant, v. WAGNER, and wife, Respondents.

*No. 75–735.   Submitted on briefs October 5, 1977.—*
*Decided November 1, 1977.*
(Also reported in 259 N. W. 2d 60.)

[18] *Estate of Connolly,* 65 Wis.2d 440, 222 N.W.2d 885 (1974).

For the appellant the cause was submitted on the brief of *Hooker & Hoeper* of Waupun.

For the respondents the cause was submitted on the brief of *Richard W. Boelter* of Wautoma.

BEILFUSS, C. J.    Albert Wagner and Martha Wagner were the owners of a farm in Waushara county.

On March 7, 1957, they executed a quitclaim deed of these premises to their son Marvin Wagner and his wife Carol Wagner. The consideration stated in the deed was "One Dollar and love and affection."

The deed further provided an express reservation:

"The grantors reserve unto themselves the life use, income and occupancy of the above described lands during the terms of their natural lives."

Marvin and Carol had lived in the farmhouse with his parents Albert and Martha since their marriage in 1948. Albert and Marvin worked the farm together. Primarily upon the insistence of Carol and her threat to leave, the quit claim deed was executed in 1957. All four and the children of Marvin and Carol continued to live on the premises. The father, Albert, died in late 1957. Marvin and his family continued to live on and work the farm. The mother, Martha, lived with them until 1966 when Carol requested she leave. Martha did leave and lived with a daughter nearby.

From 1966 until the date of this action, Marvin and Carol were the sole possessors of the farm. They lived there, worked the farm and enjoyed the profits.

By means of the intervention of William Wagner, an attorney and brother-in-law of Martha, Marvin and Carol were induced to pay Martha $1,150 per year for her support. This agreement was not in writing and there is considerable confusion and dispute as to what it entailed. Marvin and Carol did make the $1,150 per year payments through the year 1971. No further payments were made for the years 1972, 1973 and 1974.

Marvin sold some timber harvested from the farm for about $3,700 but did not share any of these proceeds with Martha. He also sold some marshland for $4,000 and gave Martha $400 of that amount.

In March of 1975, Martha commenced this action for rescission, claiming that Marvin and Carol assured her

she would be furnished with money support and that they have refused to do so.

The trial court found that the deed was not a support contract or agreement and that no agreement had been breached. It concluded the quitclaim deed was a conveyance and that the grantors had reserved a life estate. The trial court further concluded that Martha had an adequate remedy at law and that there could be no foreclosure of the contract so as to rescind the deed. We agree with the trial court that the instrument in question was a quitclaim deed which conveyed title to the premises to the defendants Marvin and Carol Wagner, with a life estate reserved to plaintiff Martha Wagner.

The appellant contends the quitclaim deed was subject to a condition subsequent, namely, the agreement to support and that it was breached entitling her to rescission or foreclosure.

If a quitclaim deed is based upon a support agreement, rescission may be had upon the principle of an implied condition subsequent:

"Such contracts have come to be looked upon as almost if not quite presumptively improvident in their inception, and in that view courts of equity have gone to great lengths to remedy the mischief by reading out of them a condition, where a covenant only is expressed, upon which may be founded, on principle, a right of rescission where justice requires it for the protection of the weak, the exercise of which will undo the mischief *ab initio* and restore the parties, substantially, to their original situation." *Glocke v. Glocke,* 113 Wis. 303, 311–12, 89 N.W. 118 (1902). *See also Nadler v. Nadler,* 242 Wis. 537, 8 N.W.2d 306 (1943).[1]

Although it is common for support contracts to be manifested by, or given in consideration for a deed, the

[1] 1951 Wisconsin Law Review 581.

deed under consideration gives no indication that it is part of a support agreement nor makes any reference to any other document.

While the normal practice is for a deed to make reference to a separate support contract which acts as consideration, and for the child to execute a mortgage in favor of the parent, sometimes the deed itself will contain the support provisions.[2]

This quitclaim deed contains nothing which points toward a contract for support. There is no reference to any separate agreement (nor is their evidence that any existed), and there is nothing in the deed itself which indicates that support was involved as consideration. The only language which could be construed as a support provision is the reservation of the "life use, income and occupancy" of the farm by Albert and Martha Wagner. This falls far short of imposing any duties of support upon Marvin and Carol. Upon its face it does not impose any affirmative duties whatsoever.

Marvin and Carol do not have legal rights to possess or use the property until Martha is dead; they have only a future interest because Martha retained a life estate. The reservation in the deed is almost identical to a deed clause in *Blodgett v. Davenport,* 219 Wis. 596, 597, 263 N.W. 629 (1935), which the court treated as a life estate reservation. This is unlike the typical support contract in which full ownership is granted, thus making support requirements necessary because the grantor has given up all control and interest in the property and is left destitute unless supported.

In the case at hand, we could conclude Martha Wagner has been unfairly treated by her son and his wife. How-

---

[2] *Id.*

ever she has clear legal right to the possession, use and profits in the property. There are applicable legal remedies such as ejectment by which she can regain control.

We agree that the title of land passed to Marvin and Carol by virtue of the deed, and that by terms of the instrument Martha retained a life estate. We further agree that there was not sufficient proof to show a condition subsequent so as to entitle Martha to a rescission of the deed.

We conclude however that in our discretion, as provided in sec. 251.09, Stats., that the complaint should not be dismissed and the matter should be remanded for a new trial in the interest of justice.[3]

The real issue between the parties is the right of Martha to recover possession of the land by the remedy of ejectment and a recovery of the reasonable rental or profits.

Upon remand, pursuant to the authority of sec. 251.09, Stats., the pleadings may be amended to reflect the real controversy between the parties and a new trial had on those issues.

*By the Court.*—Judgment reversed and cause remanded for a new trial not inconsistent with the opinion. No appeal costs to be taxed.

---

[3] *See Lowe v. Cheese Makers Mut. Casualty Co.,* 265 Wis. 365, 61 N.W.2d 317 (1953); *Bostonian Homes, Inc. v. Struck,* 44 Wis.2d 553, 559, 171 N.W.2d 320 (1969); *Erickson v. Westfield Milling & Electric Light Co.,* 263 Wis. 580, 58 N.W.2d 437 (1953); *Ampex Corp. v. Sound Institute, Inc.,* 44 Wis.2d 674, 686, 172 N.W.2d 170 (1969); *Schmidt v. Mueller,* 53 Wis.2d 311, 321, 193 N.W.2d 161 (1972).