Mark Olsen and Rita Olsen, Plaintiffs-Appellants,
v.
Best Buy Rv's, Defendant-Respondent.
No. 2004AP2158.
Court of Appeals of Wisconsin.
Opinion Filed: April 19, 2005.
¶1 WEDEMEYER, P.J.[1]
Mark and Rita Olsen appeal from an order dismissing their complaint against Best Buy RV's based on lack of personal jurisdiction. The Olsens also appeal from the trial court's order denying their motion for reconsideration. The Olsens argue the trial court erred when it ruled that the contacts Best Buy had with Wisconsin were insufficient to satisfy the long-arm statute's minimum contact requirement. Because this court agrees that the trial court erred in dismissing this case on the basis of lack of personal jurisdiction, the trial court's orders are reversed and this case is remanded for further proceedings consistent with this opinion.

BACKGROUND
¶2 In May 2001, the Olsens were interested in purchasing a mobile home trailer. According to the Olsens, they received numerous solicitations in Wisconsin from Best Buy RV's, including telephone, mail, and internet solicitations. Best Buy responded that it contacted the Olsens only after the Olsens requested information from Best Buy. After a series of transactions between the parties, the Olsens traveled to Best Buy in Indiana to complete the purchase.
¶3 During the first vacation with the new RV, the Olsens' trailer suffered a sudden blowout from defective tires, and the body of the trailer was damaged. After attempts to negotiate a recovery from Best Buy proved unsuccessful, the Olsens filed a small claims action in Milwaukee Circuit Court. The Olsens asserted claims of warranty, negligence, strict liability and violations of the Wisconsin Consumer Protection Act. Best Buy did not file an answer. Instead, it filed an appearance by counsel, who objected to personal jurisdiction. Best Buy subsequently filed a motion to dismiss based on lack of personal jurisdiction, and included a one-page affidavit from the president of Best Buy, who averred that Best Buy "does not conduct business in the State of Wisconsin." Best Buy also asserts in its facts section of the brief filed in support of the motion to dismiss that it "has never purchased mailing lists for the State of Wisconsin," "never sent mailings to residents of the State of Wisconsin, unless requested to do so by those residents," and "never engaged in telephone contact with residents of the State of Wisconsin except upon the request of individual residents of the State of Wisconsin." Best Buy further indicates that in addition to the Olsens, it has sold five other RV's to Wisconsin residents.
¶4 An affidavit from Mark Olsen contradicts some of Best Buy's "facts," in that Mark attests that the Olsens were repeatedly solicited by telephone by Best Buy even after the Olsens had specifically requested not to be contacted. The Olsens also point out that Best Buy's internet site claims that Best Buy "advertise[s] our units in major RV publications, TV, Radio and on the Internet," will "ship[] [parts] directly to your door, no matter where you are," and it provides a toll free number encouraging customers to call.
¶5 At the hearing on the motion to dismiss, the trial court ruled that the contacts Best Buy had with the Olsens were not "systemically continuous" and permitting the lawsuit in a Wisconsin state court would violate Best Buy's due process rights. The Olsens filed a motion seeking reconsideration of that decision, which was denied. They now appeal.

DISCUSSION
¶6 The issue in this case is whether the trial court erred in ruling that Best Buy was not personally amenable in the State of Wisconsin. The Olsens contend that the trial court decision violated Kopke v. Hartrodt S.R.L., 2001 WI 99, 245 Wis. 2d 396, 629 N.W.2d 662, Fields v. Peyer, 75 Wis. 2d 644, 250 N.W.2d 311 (1977) and Bielefeldt v. St. Louis Fire Door Co., 90 Wis. 2d 245, 279 N.W.2d 464 (1979), when it dismissed this case and that personal jurisdiction over Best Buy is authorized by WIS. STAT. § 801.05(4):
(4) LOCAL INJURY; FOREIGN ACT. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either;
(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or
(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.
¶7 Interpretation of a statute presents a question of law that this court reviews de novo. State v. Busch, 217 Wis. 2d 429, 441, 576 N.W.2d 904 (1998). This court is obligated to construe Wisconsin's long-arm statute liberally in favor of jurisdiction. Kopke, 245 Wis. 2d 396, ¶10. Unfortunately, this court cannot resolve the jurisdictional issue because the trial court failed to conduct a jurisdictional trial. The parties in this case present material issues of factual dispute relating to whether jurisdiction will attach.
¶8 The Olsens contend that Best Buy solicited them by mail and telephone both before the purchase of the trailer and aftereven after they specifically requested Best Buy to stop calling. Best Buy, on the other hand, claims that it does not conduct business in Wisconsin, does no mailings and does not contact Wisconsin residents, unless a Wisconsin resident requests them to. These factual questions all relate to whether Best Buy is amenable to jurisdiction in Wisconsin under WIS. STAT. § 801.05(4)(a).
¶9 No legal determinations as to whether the solicitations in this case satisfy the long-arm statute can be made until an evidentiary hearing resolving the factual issues is conducted. The Olsens cite legal case law supporting their claim that solicitation within this State is sufficient to trigger personal jurisdiction. They rely on the Fields case, in which our supreme court held that Audi NSU Auto Union, A.G., was subject to jurisdiction in Wisconsin because "25 advertisements for ... Audi appeared in Time, Newsweek, Motor Trend, and Playboy, all of which magazines were widely distributed in Wisconsin." Fields, 75 Wis. 2d at 650. The court found this solicitation sufficient to satisfy the long-arm statute. The advertising campaign in the national magazines was the main factor leading the court to conclude Audi was amenable to suit in Wisconsin. Id. The court also determined that despite the lack of any Audi dealerships in Wisconsin, forty-one Audi cars had made their way from the site of manufacture in Germany, through an Illinois agency to residents of Wisconsin. Id. at 650-51.
¶10 The Olsens rely on the Audi case to argue that Best Buy engaged in similar acts of advertising and had sold RV's to six Wisconsin residents as a result of the solicitation/advertising it conducted. This court, however, cannot conclude as a matter of law that Best Buy is amenable to suit in Wisconsin based on Fields because the trial court failed to conduct a jurisdictional hearing to flush out the facts.
¶11 The Olsens also contend that the trial court erred in denying their attempt to engage in discovery so that they could prove Best Buy was subject to jurisdiction in Wisconsin. In support of this argument, the Olsens cite Bielefeldt. In that case, our supreme court reversed the dismissal of the Bielefeldts' case for lack of personal jurisdiction and remanded for discovery and a jurisdictional trial. Id., 90 Wis. 2d at 255-56. This court agrees with the Olsens that the same course of action is appropriate in this case. It is clear from this court's review that factual issues were raised by the Olsens, that they are entitled to engage in discovery on the jurisdictional issue, and that once discovery has been completed, the Olsens should be afforded a jurisdictional full evidentiary hearing. See id. at 251-55.
¶12 In the instant matter, the issue was not solely a question of law, but rather, involved factual determinations. The trial court erred in "treating the determination of jurisdiction as a matter that could be treated and resolved on motion, with arguments by counsel substituting for testimony on the record. That was error, and an error here resulting in the issue as to jurisdiction not being tried at all." Merco Distributing Corp. v. O&R Engines, Inc., 71 Wis. 2d 792, 798, 239 N.W.2d 97 (1976).
¶13 Accordingly, this court reverses the trial court orders dismissing the Olsens' complaint, remands with directions that the trial court permit discovery on the jurisdictional issue, and then conduct a full jurisdictional evidentiary hearing to resolve any factual disputes before deciding whether the facts in this case make Best Buy amenable to jurisdiction in Wisconsin under the long-arm statute.[2]
By the Court.  Orders reversed and cause remanded with directions.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2003-04).
[2] This court also specifically holds that the Olsens are not limited to discovery and hearing on WIS. STAT. § 801.05(4)(a), but may also pursue their claim that jurisdiction is grounded in WIS. STAT. § 801.05(4)(b), and any other jurisdictional arguments they have already raised in this case.