COURT OF APPEALS
DECISION
DATED AND FILED

August 30, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP2095**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022ME124

**IN COURT OF APPEALS
DISTRICT II**

IN THE MATTER OF THE MENTAL COMMITMENT OF W.I.:

WINNEBAGO COUNTY,

    PETITIONER-RESPONDENT,

  V.

W.I.,

    RESPONDENT-APPELLANT.

APPEAL from orders of the circuit court for Winnebago County: DANIEL J. BISSETT, Judge. *Affirmed.*

¶1    NEUBAUER, J.[1] W.I., referred to herein by the pseudonym William, appeals from orders involuntarily committing him for six months and allowing for the involuntary administration of medication and treatment during that time. Before he was committed, William was examined by two psychiatrists, each of whom filed reports with the court. William filed a motion seeking an additional psychiatric evaluation under WIS. STAT. § 51.20(9)(a)3., which gives an individual the "right at his or her own expense or, if indigent and with approval of the court hearing the petition, at the reasonable expense of the individual's county of legal residence, to secure an additional medical or psychological examination." The circuit court denied William's request, concluding that an additional examination was unnecessary because the two examiners who filed reports offered substantially the same opinions. This court concludes that the circuit court reached the correct result, but for a different reason: William did not submit any evidence to establish his indigency. Because it was his burden to do so, he did not make the threshold showing necessary to obtain an additional examination at county expense.

## *Background*

¶2    William was emergently detained on April 2, 2022, after making threats of suicide and harm to others. A court commissioner found probable cause to continue his detention and transferred the case to the circuit court for Winnebago County, William's county of residence.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶3      The Office of the State Public Defender (SPD) appointed counsel to represent William, and the circuit court for Winnebago County entered an order appointing two psychiatrists to examine him and prepare reports.  The reports were filed on April 12, 2022, two days before William's final hearing was to take place.  That same day, William filed a request for "an independent psychological examination" pursuant to WIS. STAT. § 51.20(9)(a)3. and asked that the final hearing be adjourned so that the additional examination could take place.  William did not submit an affidavit or other proof of indigency with his motion.  At a hearing on April 14, William's counsel asserted that he was indigent but did not present any evidence to establish indigency.  The circuit court declined to approve the additional examination but did adjourn William's final hearing to April 21.

¶4      William filed a motion to reconsider the circuit court's decision to deny him a third examination.  In the motion, William's counsel wrote that William "has been recently assessed in another matter by the [SPD]'s Office and is indigent."  Again, however, counsel did not submit any evidence to establish William's indigency.  The court held a hearing on the motion on April 20, 2022. The court construed WIS. STAT. § 51.20(9)(a)3. to "give[] the [c]ourt some discretion to determine whether or not the additional evaluation should be had at county expense," and decided that an additional examination was not necessary in William's case because two psychiatrists had already examined him and there was not a "substantial difference" in their opinions that would warrant a third examination.  After a final hearing, the court determined that Winnebago County (the County) had met its burden of showing that William satisfied the three criteria for involuntary commitment and administration of medication and treatment.

3

## *Discussion*

¶5      The statute at issue in this appeal, WIS. STAT. § 51.20(9)(a)3., reads as follows:

> If requested by the subject individual, the individual's attorney, or any other interested party with court permission, the individual has a right at his or her own expense or, if indigent and with approval of the court hearing the petition, at the reasonable expense of the individual's county of legal residence, to secure an additional medical or psychological examination and to offer the evaluator's personal testimony as evidence at the hearing.

This provision has not been examined in any published Wisconsin appellate decision to date.

¶6      William argues that the circuit court erroneously interpreted the statute to give it discretion to deny an indigent individual an additional examination. He contends that the statute's requirement of court approval refers only to the requirement of indigency and that once this determination is made, the circuit court must order an additional examination at county expense. The circuit court's contrary interpretation, William argues, violates his constitutional rights to due process[2] and equal protection[3] because it requires indigent individuals to show necessity or "good cause" to obtain an additional examination, whereas

---

[2] The United States Constitution and the Wisconsin Constitution protect persons against deprivations of liberty without due process. U.S. CONST. amend. XIV, § 1; WIS. CONST. art. I, § 8.

[3] The United States Constitution and the Wisconsin Constitution guarantee individuals equal protection under the law. U.S. CONST. amend. XIV, § 1; WIS. CONST. art. I, § 1.

individuals who can afford to pay for an additional examination can obtain it without having to do so.

¶7 The County disagrees, arguing that the statute's plain language "requires the [circuit] court to use its discretion when considering an indigent individual[']s … request" and that the statute's different treatment of indigent and nonindigent persons is constitutional. The County also argues that William's appeal is moot because his commitment order has expired and he has not shown that any of the exceptions to mootness that have been applied to expired commitment orders apply to him.[4]

¶8 The circuit court interpreted WIS. STAT. § 51.20(9)(a)3. to require it to determine that the individual is indigent. This court agrees. Because the statute requires an indigent individual's county of residence to pay for the additional examination, it identifies and directs the circuit court (and not any other entity) to determine that the individual is actually indigent before approving his or her request. It is also reasonable to construe the statute as placing the burden of proving indigency on the individual because he or she (or someone acting on his or her behalf) is the party seeking to have the government pay for the additional examination.

¶9 Here, however, William did not carry his burden to prove that he was indigent. He did not submit an affidavit or other proof of indigency with his initial request, his reconsideration motion, or at either of the hearings held by the circuit court. William's counsel asserted that the SPD had assessed him to be

---

[4] In addition to the parties' briefs, this court has received and considered an amicus brief filed by the Wisconsin State Public Defender.

indigent in another proceeding but did not submit any of the information SPD relied on in making that assessment so that the court could make its own, independent determination as required by WIS. STAT. § 51.20(9)(a)3. Counsel's mere assertion that William was indigent is not sufficient to meet his burden of proof on this essential requirement. *See Merco Distrib. Corp. v. O&R Engines, Inc.*, 71 Wis. 2d 792, 795-96, 239 N.W.2d 97 (1976) ("Arguments or statements made by counsel during argument are not to be considered or given weight as evidence."). Nor is the fact that William was represented by SPD sufficient to establish his indigency because all individuals who are the subject of involuntary commitment proceedings under § 51.20 are referred to the SPD and are appointed counsel "without a determination of indigency." *See* WIS. STAT. § 51.60(1)(a). Because William did not prove he was indigent, the circuit court's decision denying him an additional examination was the correct result.

¶10    In light of the foregoing conclusion, this court need not address the County's argument that William's appeal is moot. *See Lakeland Area Prop. Owners Ass'n, U.A. v. Oneida County*, 2021 WI App 19, ¶17, 396 Wis. 2d 622, 957 N.W.2d 605 ("[W]e need not address all arguments raised by the parties if one of those arguments is dispositive."). This court also leaves the parties' other statutory interpretation and constitutional arguments for another day. *See id.*; *Grogan v. PSC*, 109 Wis. 2d 75, 77, 325 N.W.2d 82 (Ct. App. 1982) ("We do not decide constitutional issues if the resolution of other issues can dispose of an appeal.").[5]

---

[5] After filing its appeal brief and appendix, the County filed a motion to amend its appendix to include certain documents related to its mootness argument. Because this court need not address that argument to resolve this appeal, the County's motion is denied.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.