## Brooks, Executor, vs. Northey and another.

*February 3 — February 24, 1880.*

*Waiver of objection to order of revivor.*

Where plaintiff dies while the cause is pending on demurrer to the complaint, and the court makes an order reviving the action in the name of one who petitions therefor as executor of such deceased, and defendant afterwards appears and argues the demurrer, without moving to set aside the order, either for want of notice to him of the petition, or on the ground that such order was made without sufficient evidence of the petitioner's representative character, this is a *waiver* of those objections.

APPEAL from the Circuit Court for *Grant* County.

The action was commenced by the plaintiff's testator, Olonzo Carson, upon a joint and several promissory note made to him by the defendants. The complaint appears to

be in the usual form, and is duly verified. The defendants interposed a general demurrer thereto.

Pending the demurrer, Carson, the original plaintiff, died. Thereupon the present plaintiff filed an affidavit of Carson's death, stating therein that "this affiant has been duly appointed the legal executor of the estate of the said plaintiff," and praying that the action be revived in the name of the affiant as plaintiff. The court ordered accordingly. No notice of the application to revive the action was served upon the defendants or their attorney.

Afterwards the defendants appeared and argued the demurrer without objection to the regularity of the revivor proceedings. The court overruled the demurrer, and gave defendants leave to answer in sixty days. On due proof of their failure to answer within the time prescribed, the court gave judgment for the plaintiff for the sum due on the note by its terms, and for costs; and from this judgment the defendants appealed.

For the appellant, there was a brief by *Hazelton & Provis*, and oral argument by *O. B. Thomas.*

*J. T. Mills*, for the respondent.

LYON, J. The failure of the plaintiff to give notice to the defendants of the petition to revive the action in the name of the executor, was an irregularity. Such notice should have been given, and, on the hearing of the petition, the defendants might have insisted that due proof should be made of the probate of Carson's will and the qualification of the present plaintiff as executor. But this was an irregularity merely, which, like any other irregularity not going to the jurisdiction of the court, may be waived by the opposite party.

The original plaintiff having deceased, it was competent for the court to revive the action in the name of his duly qualified executor. Notice of the petition should have been given; but proceeding without notice affects only jurisdiction of the

person, not of the subject matter, and a subsequent general appearance waives the defect. The rule is elementary, that a general appearance to the action by the defendant waives a defective service, or want of service, of the original process. The principle of this rule is applicable here.

The argument of the demurrer on behalf of the defendants, without objection to the validity or regularity of the proceedings to revive the action, was clearly a general appearance to the action, and, within the above rule, a waiver of the want of notice of such proceedings.

It may be that the action was revived on insufficient proofs; but there is nothing on the face of the proceedings to show that it was improperly revived. If Carson's will had not been admitted to probate, or if the present plaintiff was not the duly qualified executor of his estate, the defendants should have moved to set aside the revivor proceedings for one or both of those reasons; and, the facts so appearing, the motion should have been granted. No motion to set aside those proceedings was made, and no valid reason for setting them aside is disclosed in the record.

*By the Court.* — The judgment of the circuit court is affirmed.