PAVALON, Plaintiff and Respondent, v. THOMAS HOLMES CORPORATION, Defendant and Appellant: FISHMAN, Defendant: GOLKIN & BOMBACK, INC., Defendant.

*October 27—November 24, 1964.*

For the appellant there was a brief and oral argument by *James F. Stern* of Milwaukee.

For the respondent there was a brief by *Godfrey & Kahn,* attorneys, and *David M. Hecht* of counsel, all of Milwaukee, and oral argument by *Mr. Hecht.*

CURRIE, C. J.   We consider that the instant appeal presents four issues:

(1) Can the claimed lack of jurisdiction over the person of appellant Sulray be raised by demurrer, and, if not, what is the proper procedure for raising and disposing of such question of personal jurisdiction?

(2) Did the circuit court have jurisdiction over the subject matter of the causes of action attempted to be pleaded in the complaint?

(3) Does the pleaded first cause of action set forth sufficient facts to constitute a cause of action?

(4) Is that part of the order appealable which granted leave to plaintiff to plead over his second cause of action?

*Personal Jurisdiction.*

Appellant contends its demurrer to the first cause of action should have been sustained on the ground of lack of personal jurisdiction. It is appellant's position that since allegations of the complaint are insufficient to show the necessary minimal contacts between appellant and Wisconsin the circuit court did not obtain personal jurisdiction over appellant by service of the summons and complaint upon it outside of the state.

There are two fatal defects to appellant's position. First, there is no requirement that a complaint must state the facts necessary to give the court personal jurisdiction over the defendant if service of the summons is made upon defendant otherwise than by personal service within the state. We recognize that this holding may at first blush seem inconsistent with our opinion in *Flambeau Plastics Corp. v. King*

*Bee Mfg. Co.* (1964), 24 Wis. (2d) 459, 129 N. W. (2d) 237, where we looked to allegations of the complaint to determine an issue of personal jurisdiction. We are now satisfied, however, that a court cannot base a determination of lack of personal jurisdiction over a defendant upon a mere failure of the complaint to allege facts necessary to establish personal jurisdiction.

Secondly, demurrer on the ground of lack of personal jurisdiction over appellant will not lie under the facts of this case. This is because the face of the complaint does not show whether service was had upon appellant within or without the state. It is necessary to look to the affidavit of service to ascertain this fact. Demurrer can only be used to raise the issue of lack of personal jurisdiction "when the defect appears on the face of the complaint." Sec. 262.16 (2) (b), Stats. Without giving due consideration to this statutory provision, we wrongly assumed in the *Flambeau Plastics Corp. Case; State ex rel. Sonneborn v. Sylvester,* ante, p. 177, 130 N. W. (2d) 569; and in *Travelers Ins. Co. v. George McArthur & Sons,* ante, p. 197, 130 N. W. (2d) 852; that a demurrer would lie to test lack of personal jurisdiction under the facts of those cases. The last-cited case, however, did not raise the point here decided because the facts with respect to jurisdiction were stipulated. Thus it was wholly immaterial that the issue had originally been raised by demurrer.

It is extremely difficult to visualize a situation in actual practice when a lack of personal jurisdiction will ever appear from the face of the complaint. There are two reasons for this: The complaint does not ordinarily disclose how the summons was served; there is always a possibility that the objecting defendant may have had contacts in Wisconsin not alleged in the complaint which would authorize service of the summons to have taken place outside the state.

Inasmuch as demurrer will not here lie to raise the issue of lack of personal jurisdiction we turn to subparagraphs (a) and (c) of sec. 262.16 (2), Stats., in an attempt to find out how appellant should have proceeded. These subparagraphs provide:

"(a) By motion when a defect is claimed in the service of the summons without a complaint; or when the defect appears upon the face of the record other than the complaint; or in case of a judgment on cognovit or by default;

" . . .

"(c) By answer in all other cases."

If only the above-quoted statutory provisions are considered it would appear that appellant would be required to have raised this issue by answer. However, defendant deemed it advisable to demur to the complaint also because of its failure to state facts sufficient to constitute a cause of action. An answer must follow disposition of the demurrer. If appellant were to wait until after disposition of the demurrer to raise the defense of lack of personal jurisdiction by answer, it would have waived its right to do so since a demurrer on the ground of failure to state a cause of action constitutes a general appearance. *Coffee v. Chippewa Falls* (1874), 36 Wis. 121, 125; 2 Callaghan's Wisconsin Pleading and Practice (3d ed.), p. 231, sec. 16.04. See also *Brooks v. Northey* (1880), 48 Wis. 455, 457, 4 N. W. 589. However, the history of sec. 262.16 (2) Stats., convinces us that it was never intended that a defendant be denied the right to interpose a general demurrer to the sufficiency of the complaint when he desired also to raise the issue of lack of personal jurisdiction.

Prior to this court's action, in exercising its rule-making power to create sub. (2) of sec. 262.17, Stats., effective September 1, 1956, a defendant who joined any defense or motion, which standing alone would constitute a general appearance with an objection to lack of personal jurisdiction,

was deemed to have waived the latter objection. The injustice resulting from such rule was highlighted by *Ozaukee Finance Co. v. Cedarburg Lime Co.* (1954), 268 Wis. 20, 66 N. W. (2d) 686. The wording of sec. 262.17 (2) as so promulgated was identical with that of present sec. 262.16 (2). See 271 Wis. vii.[1] The action of this court in creating this rule of practice was upon the recommendation of the judicial council. See 30 W. S. A., p. 294, Interpretative Commentary to sec. 262.17. The key provision was the first sentence which reads:

"An objection to the court's jurisdiction over the person is not waived because it is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance."

In order to carry out the underlying intent of this provision so as to permit one in appellant's position to attack the personal jurisdiction of the court and also demur to the sufficiency of the complaint, we hold that the jurisdiction issue may be raised by motion served with the demurrer. Such motion should be supported by an accompanying affidavit setting forth all material facts relied upon by movant to show the court's lack of personal jurisdiction. Where such a procedure is followed it is then the duty of the trial court under sub. (3) of sec. 262.16, Stats., to try the jurisdictional issue first before passing on the demurrer which raises an issue on the merits. We deem it advisable to point out that at such trial of the jurisdictional issue the allegations of a verified complaint are not to be considered as evidence tending to establish jurisdiction except for the limited purpose of determining the type of action.

---

[1] Ch. 262 was repealed and re-created by ch. 226, Laws of 1959, and represented an extensive revision drafted by the judicial council and was largely the work of Professor G. W. Foster, Jr., of the faculty of the University of Wisconsin Law School who acted as reporter for the council. Under this revision former sec. 262.17 was renumbered sec. 262.16 and additional new subsections were added.

In the instant case we determine that there was no waiver of appellant's objection to jurisdiction by it demurring to the sufficiency of the complaint even though it could not raise the jurisdictional objection by demurrer. At least appellant did raise its objection to jurisdiction simultaneously with its attack upon the sufficiency of the complaint. Therefore, the cause will be remanded so as to afford appellant a reasonable opportunity to renew its objection to jurisdiction in the manner herein prescribed.

### *Jurisdiction of the Subject Matter.*

On the remand appellant is not to be afforded any opportunity to again raise the issue of lack of jurisdiction over the subject matter of the action. This is because there is no merit to appellant's contentions with respect to this issue. Appellant has confused lack of jurisdiction of subject matter with lack of jurisdiction over the person. If service of the summons and complaint had been made on appellant by legally serving its president in Wisconsin there is no question but that the circuit court would have had jurisdiction of the subject matter of the action.

### *Sufficiency of First Cause of Action.*

If the defendant brokers in inducing and making the sale to plaintiff acted only on their own behalf and not as agents of appellant, the complaint spells out no cause of action against appellant. An allegation, therefore, that defendant brokers so acted as agents of appellant, or some other allegation which under the federal Securities Act would establish appellant's liability, is crucial to the first cause of action stating a cause of action against appellant. The complaint, however, contains no positive allegation that defendant brokers did so act as agents of appellant. The allegations with

respect to agency are all phrased in the alternative and allege that defendant brokers acted either as agents or as principals. Under the authorities, allegations in the alternative are fatally defective. *Anderson v. Minneapolis St. P. & S. S. M. R. Co.* (1908), 103 Minn. 224, 114 N. W. 1123; 41 Am. Jur., Pleading, p. 317, sec. 41. The first cause of action of the complaint, therefore, fails to state a cause of action and it was error not to sustain the demurrer thereto.

*Appealability of Portion of Order Allowing Plaintiff to Plead Over.*

We refuse to pass on this phase of the appeal because we lack jurisdiction so to do. An order, or portion thereof, which sustains a demurrer and grants the right to plead over is nonappealable by the successful demurring party. *Travelers Ins. Co. v. Fidelity & Casualty Co.* (1964), 24 Wis. (2d) 38, 41, 128 N. W. (2d) 71.

*By the Court.*—That part of the order which overruled appellant's demurrer to the first cause of action is reversed and cause remanded for further proceedings consistent with this opinion. Appellant is granted twenty days from the return of the record from this court to the circuit court in which to interpose a motion objecting to the jurisdiction of the court over the person of appellant. The appeal from that portion of the order which granted plaintiff the right to plead over is dismissed.