BIELEFELDT, and wife, Plaintiffs-Appellants, v. ST. LOUIS FIRE DOOR COMPANY, and another, Defendants-Respondents: SECURITY FIRE DOOR COMPANY, and others Defendants: CENTRAL STATES WAREHOUSE, INC., and another, Defendants and Third-Party Plaintiffs: TRANE COMPANY, Third-Party Defendant.

Supreme Court

*No. 76–747. Submitted on briefs May 2, 1979.— Decided June 12, 1979.*
(Also reported in 279 N.W.2d 464.)

" . . .

For the appellants the cause was submitted on the briefs of *L. E. Sheehan* and *Moen, Sheehan, Meyer & Henke, Ltd.,* of La Crosse.

For respondent Ross Enterprises, Inc., the cause was submitted on the brief of *W. A. Kirkpatrick* and *Hale, Skemp, Hanson, Schnurrer & Skemp,* attorneys, of La

Crosse; and *Joseph Chused, Burton H. Shostak, Ilona S. Leavitt* and *Kramer, Chused, Shostak & Kohn,* of counsel, of St. Louis, Missouri.

SHIRLEY S. ABRAHAMSON, J. This appeal is from a judgment dismissing the complaint against Ross Enterprises, Inc. on the ground of lack of personal jurisdiction. We vacate the judgment and remand the matter.

Wayne J. Bielefeldt and his wife, residents of Wisconsin, sued several persons, including Ross Enterprises, Inc.,[1] (Ross) to recover for injuries allegedly sustained by Bielefeldt while he was driving a loader on to a freight elevator. The Bielefeldts claim, among other things, that the elevator doors, which were manufactured by Ross, were defective.

The amended summons and complaint adding Ross as a defendant were dated December 30, 1976, and were served on an officer of the corporation in St. Louis, Missouri, in January, 1977. The complaint alleged "upon information and belief" that at all times material Ross was a Missouri corporation; that "solicitation and service activities" were carried on in Wisconsin by or on behalf of Ross; that "products, materials and things processed, serviced and manufactured" by Ross were "used and consumed within Wisconsin in the ordinary course of trade"; and that Ross is and has been "engaged in substantial and not isolated activities within the State of Wisconsin." These allegations were apparently made in order to establish grounds for personal jurisdiction under sec. 801.05 (1) (d) and (4) (a), (b), Stats.[2]

---

[1] Ross Enterprises, Inc. is sometimes referred to in the proceedings as St. Louis Fire Door Company. It appears that they are one and the same entity.

[2] "801.05 **Personal jurisdiction, grounds for generally**

"A court of this state having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to s. 801.11 under any of the following circumstances:

Ross did not answer the complaint but on February 1, 1977, filed a motion to dismiss the action for want of personal jurisdiction.[3] Ross' motion to dismiss was sup-

"(1) LOCAL PRESENCE OR STATUS. In any action whether arising within or without this state, against a defendant who when the action is commenced:

" . . .

"(d) Is engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise.

" . . .

"(4) LOCAL INJURY; FOREIGN ACT. In any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

"(a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or

"(b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

" . . . ."

[3] Sec. 802.06(2), Stats., provides:

"(2) HOW PRESENTED. Every defense, in law or fact, except the defense of improper venue, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or 3rd party claim shall be asserted in the responsive pleading thereto if one is required, execpt that the following defenses may at the option of the pleader be made by motion: (a) lack of capacity to sue or be sued, (b) lack of jurisdiction over the subject matter, (c) lack of jurisdiction over the person or res, (d) insufficiency of summons or process, (e) untimeliness of insufficiency of service of summons or process, (f) failure to state a claim upon which relief can be granted, (g) failure to join a party under s. 803.03, (h) res judicata, (i) statute of limitations, (j) another action pending between the same parties for the same cause. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. Objection to venue shall be made in accordance with s. 801.53. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, the adverse party may assert at the trial any defense in law or fact to that claim for relief. If on a motion asserting the defense described in (f) to dismiss for failure of the pleading

ported by an affidavit by Wisconsin counsel. The affidavit stated that Ross is a Missouri corporation with its principal and only place of business in St. Louis; that Ross has not done any business in Wisconsin during the preceding 16 years; that Ross has no agent for service of process nor any salesmen, agents or employees in Wisconsin; that Ross shipped the elevator door to Wisconsin but did not install it; and that Ross "sold and shipped into the State of Wisconsin only a trivial number of such fire doors and all were shipped into Wisconsin prior to 1959." A second affidavit by the president of Ross was filed in circuit court on February 17, 1977 restating some of the matters set forth in counsel's affidavit and also stating that Ross ceased the active conduct of business on March 3, 1959 and has conducted only isolated activities within the State of Missouri since 1959; that at the time of Bielefeldt's alleged injury on March 11, 1974, Ross was not engaged in any activities of any nature within the State of Wisconsin; and that no solicitation or service activities were, or are now, carried on within Wisconsin by or on behalf of Ross, and no products, materials or things processed, serviced or manufactured by Ross were used, or are now used, or consumed within the State of Wisconsin in the ordinary course of trade.

The Bielefeldts did not file any affidavits and a hearing was held on Ross' motion to dismiss on February 21, 1977. There is no transcript of this hearing in the record. No testimony was taken; the court heard oral argument and had the benefit of briefs by counsel for the

to state a claim upon which relief can be granted, or on a motion asserting the defenses described in (h) or (i), matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in s. 802.08, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by s. 802.08."

parties. The circuit court granted Ross' motion to dismiss for lack of personal jurisdiction. No memorandum decision was written by the circuit court, and no findings of fact or conclusions of law were set forth in the order for dismissal.

The Bielefeldts moved for reconsideration and vacation of the circuit court's order. In an affidavit accompanying their motion they asserted their need for discovery confined to the jurisdictional issue and for an evidentiary hearing to enable them to establish that Wisconsin has jurisdiction over Ross. The affidavit stated that these requests had been presented to the circuit court at the February 21, 1977 hearing, but that the circuit court had dismissed Ross on the purely "technical" ground that the Bielefeldts had filed no affidavit.

The circuit court denied Bielefeldt's motion for reconsideration. Without issuing any memorandum decision or findings of fact and conclusions of law, the circuit court on March 23, 1977, entered judgment dismissing the complaint.

We hold that the circuit court erred in failing to hold an evidentiary hearing on the jurisdictional issue.

Sec. 802.06 (4), Stats.[4] provides that when the defendant asserts the defense of lack of jurisdiction the issue "shall be heard and determined before trial on motion of any party" in accordance with sec. 801.08, Stats.

[4] Sec. 802.06 (4), Stats., provides:

"(4) PRELIMINARY HEARINGS. The defenses specifically listed in [802.06] sub. (2), whether made in a pleading or by motion, the motion for judgment under sub. (3) and the motion to strike under sub. (6) shall be heard and determined before trial on motion of any party, unless the judge to whom the case has been assigned orders that the hearing and determination thereof be deferred until the trial. The hearing on the defense of lack of jurisdiction over the person or res shall be conducted in accordance with s. 801.08."

Sec. 801.08, Stats.,[5] expressly provides that legal and factual issues are to be heard and determined in a pre-trial jurisdictional hearing.

Ross argues that, for two reasons, the circuit court was not required to hold an evidentiary hearing in the instant case, notwithstanding the provisions of secs. 802.06(4) and 801.08, Stats. Ross notes that the Biele-feldts submitted no affidavit affirmatively asserting facts which if proved would enable the court to exercise jurisdiction over Ross and that accordingly no factual dispute exists as to personal jurisdiction.

We conclude that in the case at bar factual issues were raised by the complaint and affidavits before the court and that an evidentiary hearing should have been held.

Ross appears to argue that the Bielefeldts' failure to present counteraffidavits amounts to a failure to meet their "burden of proof" on the jurisdictional issue. The burden of going forward with the evidence, as well as the burden of persuasion, on the issue of jurisdiction is on the plaintiff. *Merco Distrib. Corp. v. O & R Engines, Inc.,* 71 Wis.2d 792–796, 797, 239 N.W.2d 97 (1976); *Hasley v. Black, Sivalls & Bryson, Inc.,* 70 Wis.2d 562, 577, 235 N.W.2d 446 (1975). However, there is no rule

---

[5] Sec. 801.08, Stats., provides:

"**801.08 Objection to personal jurisdiction**

"(1) All issues of fact and law raised by an objection to the court's jurisdiction over the person or res as provided by s. 802.06 (2) shall be heard by the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision. Such decision upon a question of jurisdiction shall be by order which is appealable.

"(2) Factual determinations made by the court in determining the question of personal jurisdiction over the defendant shall not be binding on the parties in the trial of the action on the merits."

which says that the plaintiff's burden to prove *prima facie* the facts supporting jurisdiction must be met by affidavit or must be met in any manner prior to the evidentiary hearing. The statutes do not, either expressly or by implication, condition a plaintiff's right to demand a hearing on the requirement that the plaintiff have submitted a counteraffidavit asserting jurisdictional facts in opposition to the affidavit submitted by the defendant.

Although a complaint need not state facts necessary to give the court personal jurisdiction over the defendant,[6] the complaint in the case at bar alleged, on information and belief, that Ross was engaged in "solicitation and service" activities in Wisconsin at the time of the accident (sec. 801.05(4)(a), Stats.), that Ross was engaged in "substantial and not isolated activities" in Wisconsin at the time of the commencement of the Bielefeldts' suit (sec. 801.05(1)(d), Stats.), and that products, materials and things processed, serviced or manufactured by Ross were used and consumed within Wisconsin in the ordinary course of trade (sec. 801.05(4)(b), Stats.). Ross' affidavits expressly denied that Ross was engaged in such activities, although the affidavit did concede that Ross had sold and shipped into Wisconsin a trivial number of doors prior to 1959.

We have said that at a hearing on the jurisdictional issue the unsupported allegations of a verified complaint are not to be considered evidence tending to establish jurisdiction. *Pavalon v. Thomas Holmes Corp.*, 25 Wis. 2d 540, 547, 131 N.W.2d 331 (1964). However, in order to determine whether an evidentiary hearing of the jurisdictional issue is needed, the complaint may be examined.

[6] *Pavalon v. Thomas Holmes Corp.*, 25 Wis.2d 540, 544, 545, 131 N.W.2d 331 (1964); *Merco Distrib. Corp. v. O & R Engines, Inc.*, 71 Wis.2d 792, 795, 239 N.W.2d 97 (1976).

Admissions made in the objection to personal jurisdiction can also be used to determine if an evidentiary hearing is required. *Cf. State v. Advance Marketing Consultants, Inc.*, 66 Wis.2d 706, 714, 225 N.W.2d 887 (1975).

Here Ross put into issue the allegations of Bielefeldts' complaint which attempted to show grounds for personal jurisdiction. Moreover Ross' own affidavits raise a fact question relating to the jurisdictional issue. Ross' affidavits admit that fire doors were shipped by it into Wisconsin until 1959. We know that one such door was still being "used and consumed" in Wisconsin at the time of the accident. We agree with the Bielefeldts that a reasonable inference is that such doors are long-lived and that other doors delivered to Wisconsin in 1959 or before may well be still in use in the state. The Bielefeldts argue that if other doors manufactured by Ross can be traced and found to be used in Wisconsin in the ordinary course of trade at the time of the accident, they may be able to establish jurisdiction under sec. 801.05(4)(b), Stats. *Hasley v. Black, Sivalls & Bryson, Inc., supra*, 70 Wis.2d at 579–581; *Stevens v. White Motor Corp.*, 77 Wis.2d 64, 69, 71, 252 N.W.2d 88 (1977).

We hasten to state that on the basis of the record before us, we express no opinion on the question of the circuit court's jurisdiction over Ross. We are asked here to decide only whether the circuit court should have held an evidentiary hearing. The question before the circuit court on the motion to dismiss was not solely a question of law. Factual issues were raised, and the circuit court had to make factual determinations. We conclude that the Bielefeldts were entitled not only to a hearing on the legal issues but also to an evidentiary hearing. *Merco Distrib. Corp. v. O & R Engines, Inc., supra*, 71 Wis.2d at 797, 798.

The Bielefeldts requested and were denied the opportunity for discovery to enable them to obtain jurisdictional facts. Sec. 804.01(2)[7] expressly provides that discovery may be had on any matter relevant to the claim or defense not only of the party seeking discovery but also "to the claim or defense of any other party." In this case the Bielefeldts claim the need for discovery of matter relevant to a defense asserted by Ross. The Bielefeldts are strangers to the corporation. There is no showing that the Bielefeldts' request was dilatory or unreasonable. Under the circumstances they should not be required to try a fact issue at an evidentiary hearing without the benefit of discovery.

Because we are not able to discern from the record in the case at bar any ground upon which the circuit court could have based its refusal to hold an evidentiary hearing on the question of Wisconsin jurisdiction, we vacate and remand this case to the circuit court to hold an evi-

[7] '804.01 General provisions governing discovery

". . .

"(2) Scope of discovery. Unless otherwise limited by order of the court in accordance with the provisions of this chapter, the scope of discovery is as follows:

"(a) *In general.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

For a discussion of discovery on jurisdictional issues *see* 4 Moore's *Federal Practice,* para. 26.56[6], p. 26–188 (2d ed. 1976).

dentiary hearing and to allow the Bielefeldts an opportunity, prior to such evidentiary hearing, for discovery limited to the jurisdictional issue.

*By the Court.*—Judgment vacated and cause remanded for further proceedings consistent with this opinion.