Richard F. HENDERSON, Plaintiff-Appellant,

v.

MILEX PRODUCTS, INC., Milex Central, Inc., Budlong Press Co, Inc., and Harry S. Stern, Defendants-Respondents.†

Court of Appeals

*No. 84–117. Submitted on briefs May 3, 1985.— Decided May 28, 1985.*
(Also reported in 370 N.W.2d 291.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *Harry N. Loeb* and *Loeb, Ching & Lagodney, S.C.* of Madison.

For the defendants-respondents Milex Products, Inc. and Budlong Press Co., Inc., the cause was submitted on the brief of *Timothy J. Muldowney* and *Teresa M. Elguezabal* and *La Follette, Sinykin, Anderson & Munson* of Madison.

For the defendants-respondents Milex Central, Inc., and Harry S. Stern, the cause was submitted on the brief of *Ralph M. Cagle* and *Rick D. Bailey* and *Murphy, Stolper, Brewster & Desmond, S.C.* of Madison.

Before Gartzke, P.J., Dykman, J., and Bruce F. Beilfuss, Reserve Judge.

BEILFUSS, Reserve Judge.  Plaintiff Henderson appeals from orders dismissing this action for lack of personal jurisdiction. The issue is whether the trial court erred by not holding an evidentiary hearing, pursuant to sec. 801.08, Stats., to determine issues of personal jurisdiction. Because the facts underlying the determination of personal jurisdiction were disputed, sec. 801.08 required an evidentiary hearing. We therefore reverse the orders and remand this action.

According to the complaint, defendants Milex Products and Budlong Press are foreign corporations. Milex Products sells and distributes medical products, and Budlong Press publishes medical publications for sale. Both the products and publications are distributed in a region of the United States including Wisconsin by defendants Milex Central, a foreign corporation, and Harry Stern, an Illinois resident. Stern entered into an alleged franchise agreement giving the plaintiff distribution rights to the products and publications within Wisconsin. The complaint alleges violation of the Wisconsin Franchise Investment Law, ch. 553, Stats., the Wisconsin Fair Dealership Law, ch. 135, Stats., and wrongful termination of the alleged franchise agreement with the plaintiff.

The defendants moved for dismissal alleging lack of personal jurisdiction. The parties filed affidavits supporting and opposing the motions, and the trial court held a nonevidentiary hearing. The court denied plaintiff's requests for an evidentiary hearing because it concluded the facts were undisputed. The court dismissed the action, on the basis of argument and affidavits, for lack of proof of defendants' contact with, or control over an act or omission in, Wisconsin to establish jurisdiction under sec. 801.05(1) and (3), Stats.

Plaintiff contends that sec. 801.08, Stats., required an evidentiary hearing to determine the questions of law and fact regarding the court's jurisdiction and that the record contains sufficient evidence of defendants' contacts with Wisconsin to establish jurisdiction under sec. 801.05. We conclude that the trial court erred in failing to hold an evidentiary hearing. We do not address the question of jurisdiction because that issue will be addressed at the hearing upon remand.

Section 801.08(1), Stats., provides that "[a]ll issues of fact and law raised by an objection to the court's jurisdiction over the person . . . shall be heard by the court without a jury in advance of any issue going to the merits of the case." Objections should be accompanied by affidavits setting forth all material facts pertinent to personal jurisdiction. *Pavalon v. Thomas Holmes Corp.,* 25 Wis. 2d 540, 547, 131 N.W.2d 331, 335 (1964). The trial court must try the jurisdictional issue before addressing issues on the merits. *Id.*

The opposing affidavits and the complaint posed factual disputes which necessitated the taking of evidence. For example, the amount and extent of defendants Milex Products' and Budlong Press's contacts with Wisconsin via direct customer communication and management reports were disputed in the affidavits and at the motion hearing. This dispute was limited at the hearing to the allegations of the affidavits, although plaintiff

attempted to introduce further facts. Similar, although briefer, argument addressed the business contacts of Stern and Milex Central with Wisconsin, but again no evidence was presented.[1] In *Bielefeldt v. St. Louis Fire Door Co.*, 90 Wis. 2d 245, 253–54, 279 N.W.2d 464, 467–68 (1979), the supreme court stated that where factual issues are raised by the complaint and affidavits the trial court must hold an evidentiary hearing.

Defendants argue that plaintiff had the opportunity to make an evidentiary record from which the court could make a determination, and that plaintiff did so by filing an affidavit. However, in *Bielefeldt*, 90 Wis. 2d at 252–53, 279 N.W.2d at 467, the court held that "there is no rule which says that the plaintiff's burden to prove *prima facie* the facts supporting jurisdiction must be met by affidavit or must be met in any manner prior to the evidentiary hearing." Plaintiff requested an evidentiary hearing and was entitled to one under sec. 801.08, Stats. We therefore reverse and remand this action for an evidentiary hearing.

*By the Court.*—Reversed and action remanded.

---

[1] Much of this argument addressed whether plaintiff's distribution agreement was a franchise agreement under ch. 553, Stats. Characterization of the alleged franchise agreement is an issue on the merits not pertinent to defendants' contacts with Wisconsin supporting jurisdiction.