KAVANAUGH RESTAURANT SUPPLY, INC.,
Plaintiff-Appellant,

v.

M.C.M. STAINLESS FABRICATING, INC.,
Defendant-Respondent.

Court of Appeals

*No. 2006AP43. Submitted on briefs June 14, 2006.
—Decided October 26, 2006.*

2006 WI App 236

(Also reported in 724 N.W.2d 893.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Anthony R. Varda* of *DeWitt Ross & Stevens, S.C.*, Madison.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Philip J. Bradbury* and *Jenifer L. Kraemer* of *Melli, Walker, Pease & Ruhly, S.C.*, Madison.

Before Lundsten, P.J., Deininger and Higginbotham, JJ.

¶ 1. LUNDSTEN, P.J. This case involves a dispute over personal jurisdiction. Kavanaugh, a restaurant supply company, sued M.C.M., a Michigan restaurant equipment manufacturer, alleging that M.C.M. breached its contractual agreement to provide fabricated kitchen equipment to Kavanaugh. M.C.M. moved to dismiss based on lack of personal jurisdiction. The circuit court granted M.C.M.'s motion without holding an evidentiary hearing. Kavanaugh argues that the circuit court erred by granting M.C.M.'s motion without holding an evidentiary hearing. Kavanaugh also argues that the circuit court was required to deny M.C.M.'s motion. We reject Kavanaugh's argument that denial of the motion was required, but agree that the circuit court erred in granting M.C.M.'s motion without holding an evidentiary hearing. Accordingly, we reverse and remand with directions.

¶ 2. Because the issue involves a defendant's challenge to personal jurisdiction, and because plaintiff and defendant roles in such cases are always the same, we think clarity will be served by referring, in the remainder of this decision, to Kavanaugh as "plaintiff" and to M.C.M. as "defendant."

### *Background*

¶ 3. In the spring of 2003, plaintiff bid on the installation of food service equipment for a State of Wisconsin construction project. The State specified who plaintiff could use as suppliers, and defendant was one of the specified suppliers. Plaintiff solicited a subcontractor bid from defendant to supply custom fabricated kitchen equipment. Defendant, a Michigan company, faxed a bid

535

to plaintiff's office in Wisconsin. Ultimately, defendant informed plaintiff that it would not supply the equipment.

¶ 4. Plaintiff sued, alleging that defendant breached its contractual agreement to provide fabricated kitchen equipment and that plaintiff suffered damages. Defendant moved to dismiss based on lack of personal jurisdiction and attached an affidavit containing various assertions about the interaction of the parties and defendant's lack of contacts with Wisconsin. Plaintiff opposed the motion and requested an evidentiary hearing.

¶ 5. The circuit court held a non-evidentiary hearing at which it inquired into circumstances surrounding the inclusion of defendant on the list of State-approved suppliers. Plaintiff informed the court that it was prepared to present evidence, but the court ended the hearing without taking evidence. After the hearing, defendant filed a second affidavit that addressed questions the circuit court posed at the hearing. The circuit court then issued a written order reciting facts gleaned primarily from the complaint and defendant's first affidavit. The court concluded that an evidentiary hearing was unnecessary because there was not a "genuine issue of fact to be investigated at a hearing." The court further concluded that it lacked personal jurisdiction. Thus, it granted defendant's motion and dismissed the complaint. Plaintiff appeals.

## Discussion

### A. Failure To Hold An Evidentiary Hearing On Personal Jurisdiction

¶ 6. Plaintiff argues that the circuit court erred in granting defendant's motion to dismiss for lack of

personal jurisdiction without holding an evidentiary hearing. Plaintiff argues that the circuit court acted under the mistaken belief that, when personal jurisdiction is disputed, a plaintiff is required to show, in some manner, that there is a factual dispute requiring resolution by means of an evidentiary hearing. We agree with plaintiff.

¶ 7. In its decision granting defendant's motion to dismiss, the circuit court recited what it believed were undisputed facts regarding various contacts between defendant and plaintiff and between defendant and Wisconsin. The court relied primarily on plaintiff's complaint and defendant's first affidavit. The court concluded that an evidentiary hearing was not required because plaintiff did not submit affidavits or otherwise demonstrate that there were factual issues requiring an evidentiary hearing. The circuit court wrote:

> Plaintiff has requested that an evidentiary hearing be held to decide the issues of fact surrounding Wisconsin's personal jurisdiction over Defendant pursuant to Wis. Stat. § 801.08. This statute expressly provides that legal and factual issues are to be heard and determined in a pretrial jurisdictional hearing. *Bielefeldt v. St. Louis Fire Door Company*, 90 Wis. 2d 245, 252 (1979). However this is only required if there are factual issues that are raised by the Plaintiff that would require an evidentiary hearing. *Id.* at 253. Although a complaint need not state facts necessary to give the court personal jurisdiction over the defendant, an analysis of the complaint and affidavits must put a question of fact at issue to support an evidentiary hearing. *Id.* at 253–254. When opposing affidavits and the complaint pose factual disputes the taking of evidence is necessitated, and an evidentiary hearing is required. *Henderson v. Milex Products*, 125 Wis. 2d 141, 142 (Wis. Ct. App. 1985). In the present case,

Plaintiff has not raised a dispute as to the factual nature of the contacts that existed between Plaintiff and Defendant.

The court's decision does not accurately reflect the law in *Bielefeldt v. St. Louis Fire Door Co.*, 90 Wis. 2d 245, 279 N.W.2d 464 (1979), and *Henderson v. Milex Products, Inc.*, 125 Wis. 2d 141, 370 N.W.2d 291 (Ct. App. 1985).

¶ 8. Although it may seem counter-intuitive, a plaintiff is normally entitled to an evidentiary hearing when a defendant challenges personal jurisdiction even if the plaintiff does not demonstrate that an evidentiary hearing is necessary. Wisconsin Stat. § 802.06(4) provides that "[t]he hearing on the defense of lack of jurisdiction over the person . . . shall be conducted in accordance with s. 801.08." In turn, Wis. Stat. § 801.08(1) provides that "[a]ll issues of fact . . . raised by an objection to the court's jurisdiction over the person . . . shall be heard by the court without a jury in advance of any issue going to the merits of the case."[1]

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted. The pertinent language of Wis. Stat. §§ 802.06(4) and 801.08 has not changed since the time of *Bielefeldt v. St. Louis Fire Door Co.*, 90 Wis. 2d 245, 279 N.W.2d 464 (1979). *Compare* §§ 802.06(4) and 801.08, *with Bielefeldt*, 90 Wis. 2d at 251–52 nn. 4–5. Section 802.06(4) provides:

> **Defenses and objection; when and how presented; by pleading or motion; motion for judgment on the pleadings . . . .**
>
> . . . .
>
> **(4)** Preliminary hearings. The defenses specifically listed in sub. (2) [which includes the defense of "[l]ack of jurisdiction over

■

¶ 9. As applicable here, the meaning of these statutes was explained in *Bielefeldt*:

> The burden of going forward with the evidence, as well as the burden of persuasion, on the issue of jurisdiction is on the plaintiff. However, there is no rule which says that the plaintiff's burden to prove *prima facie* the facts supporting jurisdiction must be met by affidavit or must be met in any manner prior to the evidentiary hearing. The statutes do not, either expressly or by implication, condition a plaintiff's right to demand a hearing on the requirement that the plaintiff have submitted a counteraffidavit asserting jurisdictional facts in opposition to the affidavit submitted by the defendant.
>
> . . . [A] complaint need not state facts necessary to give the court personal jurisdiction over the defendant . . . .

the person or property"], whether made in a pleading or by motion, the motion for judgment under sub. (3) and the motion to strike under sub. (6) shall be heard and determined before trial on motion of any party, unless the judge to whom the case has been assigned orders that the hearing and determination thereof be deferred until the trial. The hearing on the defense of lack of jurisdiction over the person or property shall be conducted in accordance with s. 801.08.

Section 801.08 provides, in relevant part:

**Objection to personal jurisdiction. (1)** All issues of fact and law raised by an objection to the court's jurisdiction over the person or property as provided by s. 802.06(2) shall be heard by the court without a jury in advance of any issue going to the merits of the case. If, after such a hearing on the objection, the court decides that it has jurisdiction, the case may proceed on the merits; if the court decides that it lacks jurisdiction, the defendant shall be given the relief required by such decision.

**(2)** Factual determinations made by the court in determining the question of personal jurisdiction over the defendant shall not be binding on the parties in the trial of the action on the merits.

*Bielefeldt*, 90 Wis. 2d at 252–53 (citations omitted). The *Bielefeldt* court is saying that plaintiffs have a burden at the evidentiary hearing itself, but not before.[2] The statutes do not expressly or impliedly condition a plaintiff's statutory right to an evidentiary hearing on a requirement that the plaintiff submit, by affidavit or other means, jurisdictional facts opposing those submitted by a defendant contesting personal jurisdiction. *See id.*; *see also Henderson*, 125 Wis. 2d at 144 ("Defendants argue that plaintiff had the opportunity to make an evidentiary record from which the court could make a

---

[2] Determining whether Wisconsin courts have jurisdiction over a nonresident defendant involves both a statutory and a due process component:

> Every personal jurisdiction issue requires a two-step inquiry. It must first be determined whether defendants are subject to jurisdiction under Wisconsin's long-arm statute. If the statutory requirements are satisfied, then the court must consider whether the exercise of jurisdiction comports with due process requirements. "[P]laintiff has the minimal burden of establishing a prima facie threshold showing that constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied."

*Kopke v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶ 8, 245 Wis. 2d 396, 629 N.W.2d 662 (citations omitted).

The due process component is further divided into two sub-parts:

> Due process analysis presents two inquiries. The first inquiry is whether the defendant "purposefully established minimum contacts in the forum State." On this question, the plaintiff carries the burden. If this inquiry is answered affirmatively, then the defendant's forum-state contacts "may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " The defendant carries the burden on this question.

*Id.*, ¶ 23 (citations omitted).

determination, and that plaintiff did so by filing an affidavit. However, in [*Bielefeldt*], the court held that 'there is no rule which says that the plaintiff's burden to prove *prima facie* the facts supporting jurisdiction must be met by affidavit or must be met in any manner prior to the evidentiary hearing.' Plaintiff requested an evidentiary hearing and was entitled to one under sec. 801.08, Stats.").

¶ 10. Confusion regarding the meaning of *Bielefeldt* and *Henderson* may flow from the particular facts in those cases. In both, it was true that the complaint and affidavits revealed factual disputes requiring an evidentiary hearing. *Bielefeldt*, 90 Wis. 2d at 252; *Henderson*, 125 Wis. 2d at 143. However, neither case requires that the complaint or any submission by a plaintiff show the need for an evidentiary hearing.

¶ 11. Therefore, the circuit court here erred when it concluded that an evidentiary hearing is required only if plaintiff raises factual issues or the complaint and affidavits show there is a factual dispute. In the absence of an evidentiary hearing, or agreement by plaintiff that the court could decide personal jurisdiction on a particular set of facts, the circuit court had no power to accept as true the facts asserted by the parties in either the complaint or defendant's affidavits. For example, the circuit court erred when it concluded that it was undisputed that defendant "did not reach outside of its home state into the state of Wisconsin during the course of its contact with Plaintiff. Rather, the contacts were all initiated by the Plaintiff in soliciting the services of Defendant." Such a finding is only possible if the court relied on one or more of the affidavits submitted by defendant, or on reasonable inferences from those affidavits, or from the parties' oral representa-

541

tions at the non-evidentiary hearing the circuit court did hold. Plaintiff never conceded that defendant's contacts were so limited.

■

¶ 12. We stress that courts need not hold an evidentiary hearing every time a defendant moves to dismiss for lack of personal jurisdiction. We trust that, when jurisdictional facts are not disputed, parties often inform courts of the undisputed facts so that the issue may be resolved without holding an unnecessary hearing.

### B. Plaintiff Did Not Waive Its Right To An Evidentiary Hearing

¶ 13. Defendant argues that plaintiff waived its right to an evidentiary hearing. According to defendant's appellate brief:

> [Plaintiff] chose to leave the record as it was before the trial court, knowing that [defendant] had submitted evidence objecting to jurisdiction and knowing that the trial court would review the complaint and [defendant's] affidavit to determine whether a factual dispute existed to require a hearing. [Plaintiff's] calculated risk in deciding not to submit an affidavit to the trial court resulted in the absence of a factual dispute.

■

¶ 14. We agree that plaintiffs may waive their right to an evidentiary hearing by stipulating to facts or accepting a different procedure. *See Hagen v. City of Milwaukee Employee's Ret. Sys. Annuity & Pension Bd.*, 2003 WI 56, 262 Wis. 2d 113, 663 N.W.2d 268 (the court decided personal jurisdiction based on affidavits submitted by both parties in a case where there is no indication that plaintiff objected to the procedure). We also note that plaintiff could have been clearer and

more focused before the circuit court as to why it was entitled to an evidentiary hearing. But we do not agree that plaintiff waived its right to an evidentiary hearing.

¶ 15. In correspondence to the circuit court, plaintiff plainly asserted its right to an evidentiary hearing. For example, in a letter sent to the court prior to the hearing, plaintiff wrote: ."Wis. Stat. § 801.08 requires an evidentiary hearing. It does not require an evidentiary hearing only if requested. [Plaintiff] certainly expects an evidentiary hearing, pursuant to the plain language of the statute." When the parties appeared before the court, plaintiff's counsel said he was ready to present testimony and evidence. Although plaintiff's counsel argued that the circuit court could *deny* defendant's motion without an evidentiary hearing, counsel did not concede that the court could *grant* defendant's motion based on undisputed facts. Plaintiff's counsel concluded his remarks by saying: "We are not waiving our statutory right to a hearing, but we recognize that it may be unnecessary as this may be decidable upon [the] pleading[s]." In context, plaintiff's counsel's final comment was a statement that the court could rule in favor of plaintiff, but not defendant, without an evidentiary hearing.

¶ 16. In sum, plaintiff did not take a calculated risk to leave the record as it was and forfeit its right to a hearing, knowing that the circuit court would review the complaint and defendant's affidavits to determine whether a factual dispute existed to require a hearing. There was no waiver.

543

## C. *Plaintiff Is Not Entitled To A Ruling That Personal Jurisdiction Exists*

■

¶ 17. Plaintiff asserts that undisputed facts show that personal jurisdiction over defendant exists. In effect, plaintiff asks that we direct the circuit court to deny defendant's motion to dismiss for lack of personal jurisdiction. The primary flaw in this argument is that the facts plaintiff asserts are undisputed are, so far as this record discloses, disputed.

¶ 18. For example, plaintiff asserts it is undisputed that the parties' "transaction anticipated the custom stainless steel fixtures would be delivered *in Madison.*" But all that the record contains on this topic is a copy of the faxed bid, attached to the complaint, with the line item "To deliver to job site – add – $3,200.00" and some unattributed handwriting adding the delivery charge amount to the bid amount. Defendant did not admit that delivery was a binding part of any agreement between the parties. This, like several other facts plaintiff relies on, is a disputed fact on the record before us.[3]

¶ 19. We acknowledge that plaintiff relies on one fact that defendant acknowledges is undisputed,

---

[3] Defendant also attempts to persuade us that certain facts are undisputed. For example, defendant argues that the circuit court's recitation of the facts accurately reflects the undisputed facts. But the circuit court's recitation of the facts ignores potentially significant facts that are in dispute. For instance, there is a dispute as to the circumstances surrounding the inclusion of defendant on a list of suppliers approved by the State of Wisconsin. Resolution of whether defendant knowingly permitted itself to be listed as an approved supplier may be relevant to the question of purposeful availment. *See* footnote 2, *supra.*

namely, that defendant sent its bid to plaintiff in Wisconsin. But plaintiff fails to give support for its legal theory that this fact alone establishes personal jurisdiction. The only specific authority plaintiff provides is *State v. Advance Marketing Consultants, Inc.*, 66 Wis. 2d 706, 225 N.W.2d 887 (1975), but that case is readily distinguishable on its facts. The contacts warranting personal jurisdiction in *Advance Marketing* included "the placing of advertisements in newspapers circulated in Wisconsin, the contacting of persons responding to these advertisements and the taking of earnest-money deposits." *Id.* at 716. We are not saying that defendant's act of sending its bid to plaintiff in Wisconsin does not weigh in favor of personal jurisdiction; we are saying that, viewed alone, plaintiff has failed to persuade us that that act is sufficient to satisfy due process concerns.

### *Conclusion*

¶ 20. Like the court in *Bielefeldt*, 90 Wis. 2d at 254, we express no opinion on the question of the circuit court's jurisdiction over defendant. Rather, our decision is limited to our conclusion that the circuit court should not have dismissed based on lack of personal jurisdiction without holding an evidentiary hearing. We reverse the circuit court's order of dismissal and remand for further proceedings. If, on remand, the parties agree to stipulate to a set of facts, and further agree that the court may decide personal jurisdiction on those facts, then no evidentiary hearing is required.

*By the Court.*—Order reversed and cause remanded with directions.