COURT OF APPEALS
DECISION
DATED AND FILED

March 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP981-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2014CF328

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

V.

JESSE T. ADAMS,

   DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Eau Claire County:  KRISTINA M. BOURGET and JOHN F. MANYDEEDS, Judges.[1]  *Affirmed in part; reversed in part and cause remanded for further proceedings.*

---

[1] The Honorable Kristina M. Bourget presided over trial and entered the original and amended judgments of conviction. The Honorable John F. Manydeeds entered the order denying the defendant's postconviction motion.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jesse Adams appeals from an amended judgment convicting him of repeated sexual assault of a child and possession of child pornography, and from an order denying without a hearing his postconviction motion for plea withdrawal or resentencing. Adams claims that his pleas were based upon erroneous information about the applicability of lifetime supervision and that the sentences set forth in the amended judgment were erroneously imposed outside of his presence. We affirm the amended judgment of conviction and postconviction order with respect to the validity of Adams' pleas, but we reverse with respect to the validity of his sentences. We remand with directions that the circuit court provide Adams with a resentencing hearing.

## BACKGROUND

¶2 At a plea hearing held on May 26, 2015, Adams pleaded no contest to one count of repeated sexual assault of a child and one count of possession of child pornography, each as a repeat offender. As a result of the convictions, Adams was subject to lifetime supervision as a serious sex offender under WIS. STAT. § 939.615(2)(a) (2017-18).[2] In exchange for the pleas, the State dismissed and read in several other charges and agreed to make a joint recommendation of ten years of initial confinement, with both parties free to argue regarding extended

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

supervision. Although the parties did not so specify either in the plea questionnaire or during the plea colloquy, it appears undisputed that the ten-year cap on initial confinement referred to the aggregate total amount of time imposed on both charges, whether as concurrent terms of up to ten years each or as consecutive terms together totaling no more than ten years.

¶3 Prior to accepting the pleas and after discussing the maximum potential imprisonment for each count, the circuit court advised Adams that he would be subject to lifetime supervision as a serious sex offender upon conviction. Adams stated he had been unaware of that "until right now" and that he did not believe the negotiated pleas had anything to do with lifetime supervision. The court further explained that both counts sought lifetime supervision as a serious sex offender, so if convicted, Adams would be subject to lifetime supervision. Adams then acknowledged his revised understanding that he would be subject to lifetime supervision as a serious sex offender if the court accepted his pleas. The court subsequently accepted the pleas and ordered that a presentence investigation report (PSI) be prepared.

¶4 Both the PSI and an alternate PSI commissioned by Adams were filed. The PSI author recommended "15-16 years confinement followed by lifetime Extended Supervision" on the sexual assault count and she made no recommendation on the child pornography count. The alternate PSI recommended a total sentence for both charges of seven years of initial confinement followed by ten years of extended supervision.

¶5 At the sentencing hearing, the State recommended ten years of initial confinement on the sexual assault charge, with a concurrent mandatory minimum term of three years of initial confinement on the child pornography charge. The

State asserted "[t]here is lifetime extended supervision," without recommending a term of extended supervision. Adams' trial counsel recommended ten years of initial confinement, without specifying the count or mentioning extended supervision. The circuit court stated that it was imposing consecutive terms of "15 years of initial confinement with lifetime extended supervision" and "three years of initial confinement, lifetime supervision as well." The court then entered a judgment of conviction listing "0" as the period of extended supervision on each count.

¶6     The Department of Corrections (DOC) sent the circuit court a letter asking it to review the judgment of conviction. The DOC noted that WIS. STAT. § 973.01(2)(d) requires the term of extended supervision on a bifurcated sentence to be at least twenty-five percent of the length of the term of initial confinement. In response, and without any input from the parties, the court directed that an amended judgment of conviction be entered imposing fifteen years of extended supervision on the sexual assault charge and ten years of extended supervision on the child pornography charge.

¶7     Adams eventually filed a pro se postconviction motion seeking to withdraw his pleas on the grounds that they had not been knowingly, intelligently and voluntarily entered. Adams alleged that the State, the circuit court, and defense counsel had all erroneously informed him that he would be sentenced to "a lifetime of supervision" when the maximum terms of extended supervision for his crimes of conviction were limited by WIS. STAT. § 973.01(2)(d). Adams further requested resentencing on the ground that he had not been present at sentencing when the court amended the judgment of conviction in response to the DOC letter, as he believed to be required by WIS. STAT. § 971.04(1)(g).

4

¶8    Despite a concession by the State that Adams was entitled to resentencing, the circuit court denied Adams' postconviction motion without a hearing.  Adams now appeals.

## DISCUSSION

¶9    In order to obtain a hearing on a postconviction motion, a defendant must allege material facts sufficient to warrant the relief sought if those facts are proven true.  *State v. Allen*, 2004 WI 106, ¶¶9, 36, 274 Wis. 2d 568, 682 N.W.2d 433.  No hearing is required when a motion presents only conclusory allegations or when the record conclusively demonstrates that the defendant is not entitled to relief.  *Nelson v. State*, 54 Wis. 2d 489, 497-98, 195 N.W.2d 629 (1972).  We review a circuit court's decision to deny a postconviction motion without an evidentiary hearing under the de novo standard, independently determining whether the facts alleged would establish the denial of a constitutional right.  *See State v. Bentley*, 201 Wis. 2d 303, 308, 548 N.W.2d 50 (1996).

¶10    The right to an evidentiary hearing may be waived when the parties stipulate that there are no facts in dispute or agree to a different procedure.  *Kavanaugh Rest. Supply, Inc. v. M.C.M. Stainless Fabricating, Inc.*, 2006 WI App 236, ¶14, 297 Wis. 2d 532, 724 N.W.2d 893.  When the facts alleged in a postconviction motion seeking resentencing are uncontested, a court can decide de novo questions of statutory interpretation, constitutional violations, and harmless error.  *See State v. Koopmans*, 210 Wis. 2d 670, 673, 675, 563 N.W.2d 528 (1997).

## 1. Plea Withdrawal

¶11     In the context of a claim for plea withdrawal, the facts alleged in a postconviction motion must either:  (1) show the plea colloquy was defective in a manner that resulted in the defendant actually entering an unknowing, unintelligent or involuntary plea; or (2) demonstrate some other manifest injustice, such as coercion, the lack of a factual basis to support the charge, ineffective assistance of counsel, or failure by the prosecutor to fulfill the plea agreement. *See generally **State v. Bangert***, 131 Wis. 2d 246, 389 N.W.2d 12 (1986) (discussing deficient colloquies); *see also **State v. Krieger***, 163 Wis. 2d 241, 249-51 & n.6, 471 N.W.2d 599 (Ct. App. 1991) (discussing manifest injustice).  Here, Adams argues both that the plea colloquy was defective and that a manifest injustice occurred because the circuit court and Adams' trial counsel each misinformed Adams that he was subject to lifetime supervision.[3]  Both contentions fail because they are based on the false premise that Adams is not subject to lifetime supervision when, in fact, he is subject to lifetime supervision as a serious sex offender.

¶12     WISCONSIN STAT. § 939.615(2)(a) provides that the circuit court may place a person convicted of a "serious sex offense" on lifetime supervision if the person has been given notice and if the court determines that lifetime supervision of the person is necessary to protect the public.  The statutory definition of a "serious sex offense" includes violations of WIS. STAT.

---

[3]  In light of our conclusion that Adams' defective colloquy and manifest injustice claims both suffer from the same fatal flaw, we do not address the State's additional argument that Adams failed to adequately preserve or develop his claim of manifest injustice based on ineffective assistance of counsel.

§ 948.025(1) (repeated sexual assault of the same child) and WIS. STAT. § 948.12 (possession of child pornography)—which are the counts of conviction here. *See* § 939.615(1)(b)1. The notice provision may be satisfied by a statement in the complaint or Information that the prosecutor will seek to have the person placed on lifetime supervision, both of which were done here. *See* WIS. STAT. § 973.125(1).

¶13 Lifetime supervision of serious sex offenders under WIS. STAT. § 939.615 is separate from the extended supervision portion of a bifurcated sentence under WIS. STAT. § 973.01(2). Lifetime supervision does not begin until the offender's discharge from extended supervision or parole. WIS. STAT. § 939.615(3)(b). Thus, lifetime supervision is imposed in addition to—not in lieu of—extended supervision.

¶14 The transcript shows the circuit court advised Adams during the plea colloquy as to the maximum amount of imprisonment he faced on each count. The maximum amount of imprisonment includes both the initial confinement and extended supervision portions of a bifurcated sentence. *See* WIS. STAT. § 973.01(2). The court separately advised Adams that he *would* be subject to lifetime supervision upon conviction. WISCONSIN STAT. § 939.615(2)(a) provides an offender convicted of the crimes at issue here *may* be placed on lifetime supervision if certain conditions are met.

¶15 We are not persuaded the circuit court's slightly different phrasing from the statutory language renders its recitation of the potential penalties Adams faced inaccurate. It is still true that Adams would be subject to lifetime imprisonment if the court found the necessary conditions to be present. Even assuming this semantic difference could be characterized as a defect in the plea

colloquy, Adams has not alleged that he relied on one phasing of the lifetime supervision requirement over the other. Instead, he erroneously claims that he was not eligible for lifetime supervision at all, just extended supervision. Therefore, Adams' allegation that the plea colloquy was defective, even if true, would not entitle him to plea withdrawal because he did not rely on the alleged defect.

¶16 Likewise, Adams' trial counsel did not provide ineffective assistance by advising Adams that he would be subject to lifetime supervision. Nor did Adams' alleged reliance upon the essentially accurate statements made by the circuit court and his trial counsel render Adams' pleas unknowing, unintelligent or involuntary so as to constitute a manifest injustice. No manifest injustice occurred as Adams was clearly informed he was subject to lifetime supervision as a serious sex offender.

¶17 In short, the record conclusively demonstrates that Adams is not entitled to relief on his plea withdrawal claim. Therefore, the circuit court properly denied the plea withdrawal claim without a hearing.

## 2. Resentencing

¶18 As to Adams' resentencing claim, no evidentiary hearing on the postconviction motion was required because the State did not dispute—and the record plainly supported—all of the alleged facts relevant to the claim. We will therefore independently determine whether the uncontested facts warrant resentencing.

¶19 Wisconsin law requires a defendant's presence at the "imposition of sentence" in a felony case. WIS. STAT. § 971.04(1)(g). A defendant also has a due process right to be present at sentencing. *State v. Perez,* 170 Wis. 2d 130, 138,

487 N.W.2d 630 (Ct. App. 1992). A defendant who has been sentenced in absentia must be resentenced. *Koopmans*, 210 Wis. 2d at 679-80. This rule extends to the modification of a sentence made in response to a postconviction motion, although the harmless error rule applies in that context. *See State v. Stenseth*, 2003 WI App 198, ¶17, 266 Wis. 2d 959, 669 N.W.2d 776.

¶20 Here, months after the original sentencing hearing, the circuit court entered an amended judgment of conviction imposing periods of extended supervision on Adams that more than doubled his total term of imprisonment. If Adams were to violate the terms of his extended supervision, he could be returned to prison to serve the time remaining on his bifurcated sentences. *See* WIS. STAT. § 302.113(9)(am). The court imposed these periods of extended supervision not only outside of Adams' presence, but without providing Adams any opportunity to address the DOC's letter. The State concedes before this court, as it did before the circuit court, that the court's action plainly violated WIS. STAT. § 971.04(1)(g).

¶21 The State further concedes that it cannot prove the error was harmless. The record does not provide any explanation for why the circuit court imposed the amount of extended supervision that it did. Neither party nor the authors of the PSIs recommended the length of extended supervision the court imposed, and the court itself did not discuss the appropriate length of extended supervision at the sentencing hearing. Instead, the court's reference to "lifetime extended supervision" appeared to erroneously conflate the extended supervision component of a bifurcated sentence with the lifetime supervision provision of serious sex offenders set forth in WIS. STAT. § 939.615.

¶22 Additionally, we note the circuit court did not make an explicit finding that lifetime supervision was necessary to protect the public in this case.

9

In fact, it is unclear from the court's sentencing comments that the court understood that it was called upon to make a discretionary decision whether to impose lifetime supervision in addition to extended supervision. The court's comments could indicate it erroneously thought that lifetime supervision was either automatic or to be imposed in lieu of extended supervision.

¶23 In sum, we conclude Adams is entitled to resentencing, but not to the withdrawal of his pleas. We reverse those portions of the judgment of conviction and postconviction order, respectively, imposing sentence upon Adams and denying resentencing, and we remand with directions that the circuit court hold a resentencing hearing at which Adams is present and the parties are afforded the opportunity to address the issues of extended supervision and lifetime supervision as a serious sex offender.

*By the Court.*—Judgment and order affirmed in part; reversed in part and cause remanded for further proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.